GREGORY BERNARD STEWART *v.* STATE OF MARYLAND

[No. 91, September Term, 1979.]

*Decided May 6, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE and RODOWSKY, JJ.

*Martha Weisheit, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*William H. Kenety, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

In this criminal cause we address the issue whether the indictment as returned by the grand jury here was void ab initio, so as to require that the petitioner's conviction and sentence be set aside and that charging document dismissed.

The parties' agreed statement of facts is short, and thus, with minor editing, may be set out in full.

> Gregory B. Stewart, at the time seventeen years of age, was alleged to be delinquent in the Circuit Court for Cecil County on grounds of an attempted robbery with a deadly weapon. On May 19, 1977, the juvenile court waived jurisdiction, and Stewart appealed. On January 25, 1978, the Court of Special Appeals filed an unreported opinion affirming the waiver order.
>
> On February 16, 1978, prior to issuance of the mandate by the intermediate appellate court, the grand jury in Cecil County returned in the circuit court an indictment against Stewart charging him with attempted robbery with a dangerous and deadly weapon and related crimes. On February 24, 1978, the mandate of the Court of Special Appeals issued pursuant to Maryland Rule 1076.
>
> On May 8, 1978, the petitioner was convicted of the attempted robbery as well as the assault

charges and sentenced to serve concurrent ten year prison terms. On appeal, Stewart argued for the first time that these convictions were void because the indictment had been returned prior to issuance of the Court of Special Appeals' mandate in the appeal of the waiver determination.

The Court of Special Appeals affirmed holding, again in an unreported opinion, that the circuit court action prior to issuance of the mandate rendered neither the indictment nor Stewart's subsequent conviction null and void. It held that although the grand jury may have acted improperly in returning the indictment prior to the issuance of the mandate, this charging document was not void, and since there was no objection made in the trial court and the grand jury action was not inconsistent with the Court of Special Appeals' mandate, the error was harmless beyond a reasonable doubt.

We granted certiorari to examine the propriety of this holding. Being in agreement with the Court of Special Appeals that the indictment returned by the grand jury against the petitioner in this cause was within the circuit court's jurisdiction to receive and not void, we shall affirm the judgment of that appellate court.

In explaining the rationale for the mandate we issue in this case, it may be well to recall for the reader that " '[j]uridically, jurisdiction refers to two quite distinct concepts: (i) the *power* of a court to render a valid [final judgment], and (ii) the *propriety* of granting the relief sought. 1 Pomeroy, *Equity Jurisprudence* (5th ed. 1941), Secs. 129-31.' " *First Federated Com. Tr. v. Comm'r,* 272 Md. 329, 334, 322 A.2d 539, 543 (1974) (quoting *Moore v. McAllister,* 216 Md. 497, 507, 141 A.2d 176, 182 (1958)). Thus, it is only when a court lacked fundamental jurisdiction to render the judgment it did that there is an absence of authority in the court so as to render its judgment a nullity. *First Federated Com. Tr. v. Comm'r. supra,* 272 Md. at 334, 322 A.2d at 543. *Accord, Pulley v. State,* 287 Md. 406, 412

A.2d 1244, 1248-51 (1980); *Parks v. State,* 287 Md. 11, 17-19, 410 A.2d 597, 601-02 (1980); *Block v. State,* 286 Md. 266, 270-73, 407 A.2d 320, 322-24 (1979). On the other hand, "the question of whether it was appropriate to grant the relief merges into the final [judgment] and cannot therefore be successfully assailed for that reason once enrolled." *First Federated Com. Tr. v. Comm'r, supra.* The power possessed by a court to hear and determine disputes, including that which is inherent, is derived from applicable constitutional and statutory pronouncements. So if,

> by that law which defines the authority of the court, a judicial body is given the *power* to render a judgment over the class of cases within which a particular one falls, then its action cannot be assailed for want of subject matter jurisdiction. The circuit courts of this State, such as the Circuit Court for [Cecil] County, are courts of original general jurisdiction, Maryland Const., Art. IV, §§ 1, 19, 20 and therefore, they may hear and decide all cases at law [(which include criminal causes)] and in equity [(which include juvenile causes)] other than those which fall within the class of controversies reserved by a particular law for the exclusive jurisdiction of some other forum. [*First Federated Com. Tr. v. Comm'r, supra,* 272 Md. at 335, 322 A.2d at 543 (citations omitted).[1]]

To this we add the widely acknowledged principles that parties cannot confer jurisdiction, in its fundamental sense, upon a court by consent, and that the lack of such jurisdiction may be raised at any time, including initially on

**1.** This statement is not accurate as it pertains to Montgomery County where the District Court has jurisdiction of juvenile causes, Md. Code (1974, 1980 Repl. Vol.), § 3-801 (i) of the Courts Article; nor in Baltimore City where there is at present no *single* court having original *general* jurisdiction. Md. Const., Art. IV, §§ 27-39. We note that the General Assembly at its 1980 Session proposed to the citizens of this State, to be voted on in November, 1980, an amendment to these sections of the Maryland Constitution which would create a court of original general jurisdiction in Baltimore City. 1980 Md. Laws, Ch. 523.

appeal. But when a court of general jurisdiction has jurisdiction over the subject matter of the litigation and also the parties, it ordinarily has power to decide the issue in dispute between those parties.

In the case now before us no one contests that the Circuit Court for Cecil County acquired jurisdiction of the parties; nor does either party dispute that that court possesses subject matter jurisdiction over both juvenile causes, Md. Code (1974, 1980 Repl. Vol.), Courts Art., §§ 3-801 to 3-834, as well as over criminal causes of the type involved here. Md. Const., Art. IV, §§ 1, 19 and 20. However, as we perceive it, the petitioner does contend that when he noted an immediate appeal to the Court of Special Appeals (as was authorized by § 3-817 (f) of the Courts Article) from the trial court's § 3-817 order waiving the exclusive juvenile jurisdiction over him, the Circuit Court for Cecil County was relieved of fundamental jurisdiction to further act with regard to the matter, until the mandate of the intermediate appellate court affirming the trial court's waiver action was received by it.[2] From this jurisdictional premise Stewart reasons, that since the indictment returned by the grand jury here antedated the appellate court mandate, the former is a nullity. We disagree for the reasons this Court articulated just a few days ago in *Pulley v. State,* 287 Md. 406, 412 A.2d 1244 (1980). In *Pulley,* we said that pending an appeal

the trial court retains its 'fundamental jurisdiction'

---

2. Section 3-807 (a) of the Courts Article, Md. Code (1974, 1980 Repl. Vol.), provides that "[a] person subject to the jurisdiction of the court may not be prosecuted for a criminal offense committed before he reached 18 years of age unless jurisdiction has been waived." But see section 3-804 (d) (4) of the Courts Article which denies juvenile jurisdiction to the court over "[a] child 16 years old or older alleged to have committed the crime of robbery with a deadly weapon or attempted robbery with a deadly weapon as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed pursuant to § 594A of Article 27."

Section 3-804 (d) (4) was amended to include attempted robbery with a deadly weapon by chapter 558 of the Laws of 1979 and is not applicable to the present case. Thus, if there had been no waiver of juvenile jurisdiction, the court would have been without fundamental jurisdiction to charge or try Stewart as if he were an adult.

over the cause, but its right to exercise [this judicial] power may be interrupted by (i) statute or Maryland Rule, (ii) the posting of an authorized appeal bond, or bail following a conviction and sentence, or (iii) a stay granted by an appellate court, or the trial court itself, in those cases where a permitted appeal is taken from an interlocutory or final judgment. . . . If the trial court does, however, decide to proceed during the pendency of the appeal, it, absent a stay required by law, or one obtained from an appellate court, has authority to exercise the fundamental jurisdiction which it possesses. [*Id.* at 417-19, 412 A.2d at 1250-51 (footnote omitted).]

Therefore, as the circuit court here retained jurisdiction over the subject matter and was not deprived by a stay order or otherwise by law from exercising that jurisdiction pending the appeal, the grand jury indictment as returned to, and received by, the Circuit Court for Cecil County was not a void document.

> *Judgment of the Court of Special Appeals affirmed.*
> *Petitioner to pay the costs.*