This case concerns whether an appeal from a juvenile court adjudication terminating parental rights was timely filed.
The relevant facts are as follows:
The Department of Pensions and Security filed a petition seeking to terminate the parental rights of Alvin and Patricia Wright. A hearing was held in the Juvenile Section of the Montgomery County Circuit Court on July 21, 1982. At the end of the hearing the court took the case under advisement.
Thereafter, a decree dated July 21, 1982 was mailed to the parents' attorneys, who received the decree on August 4, 1982.
On August 17, 1982, the parents filed a motion to correct judgment seeking to have the date of the decree changed. That same day, August 17, the parents also filed a notice of appeal to this court.
An order was issued by the trial court on August 23, 1982, correcting the date of the decree to August 2, 1982. The parents' notice of appeal to the Court of Civil Appeals was filed on August 17, fifteen days after the date of judgment. This presents the question of whether the appeal was timely taken to the correct court. Put another way, is the juvenile court adjudication appealable to this court and is the time for such appeal fourteen days from the entry of the judgment?
We find that the appeal was properly to this court, but that the appeal was untimely in that it was not filed within the fourteen day limitation.
Before March 1, 1982, appeals from juvenile court went to the circuit court. Ala. Code § 12-15-120 (1975). The time for appeal was fourteen days from the entry of judgment and the proceedings were de novo. Ala. Code § 12-15-120 (a) and (b). Juvenile proceedings were not recorded, therefore the trial denovo was necessary so that a record of the evidence could be prepared for an appeal to an appellate forum.
The supreme court, acting on recommendations of the advisory committee to the Alabama Rules of Juvenile Procedure (A.R.Juv.P.), amended these rules in two instances. The results were A.R.Juv.P., rules 20 and 28. These rules became effective on March 1, 1982.
Rule 20 requires each juvenile proceeding to be recorded so that a record of the proceedings can be made for appeal. This makes it unnecessary to first appeal to the *Page 257 
circuit court for a trial de novo as was done before the amendments.
Rule 28 concerns appeals from juvenile court to the appropriate appellate court. The parts pertinent to this discussion provide that appeal is taken to this court from cases arising out of the jurisdiction of the juvenile court over a child and that notice of appeal must be filed within fourteen days after the entry of the order, judgment or decree. A.R.Juv.P., Rule 28 (C)(2), (3).
This court construes the impact of rule 28, taken in connection with rule 20, as completely altering the appellate route of juvenile court adjudications. Therefore, we determine that rule 28 supersedes Ala. Code § 12-15-120. Rule 28 now governs appellate procedure from juvenile court.
An analysis of rule 28 as it relates to the instant case is necessary in arriving at the above conclusion. The rule has three major subdivisions. Subdivisions (A) and (B) deal with appeals in cases "arising out of the jurisdiction of the juvenile courts over minors and adults"; subdivision (C) treats appeals in cases "arising out of the jurisdiction of the juvenile court over a child." Appeals under subdivisions (A) and (B) go to the circuit court; appeals under (C) go to the appellate courts of the state. Subdivision (C)(2) lists the types of proceedings that are appealable to this court. However, proceedings to terminate parental rights, the basis of the instant appeal, is not listed in subdivision (C)(2) nor is it contained anywhere else in rule 28.
It appears that when the above situation occurs, the determinative event in deciding whether the appeal goes to the circuit court or appellate court rests on whether the juvenile court is entertaining a matter involving "minors and adults" or a "child." These terms are not defined in rule 28; however, their meaning is supplied by the two jurisdictional sections of the juvenile code. Ala. Code § 12-15-30 and 12-15-31 (1975).
Section 12-15-30 provides for the juvenile court to exercise jurisdiction over certain situations and proceedings involving children. Relevant to the instant case are § 12-15-30 (a)(1) and (b)(6) which provide that the juvenile court shall have jurisdiction over proceedings in which a child is alleged to be delinquent, dependent or in need of supervision and in proceedings to terminate parental rights. That is exactly the situation present in the instant appeal in that the Department of Pensions and Security sought to have the parents' parental rights terminated because the children were dependent and in need of supervision.
This position is further strengthened by reference to § 12-15-71, Code 1975. This provision provides for the disposition of a child found to be dependent, stating in pertinent part:
 "(a) If a child is found to be dependent, the court may make any of the following orders of disposition to protect the welfare of the child:
. . . .
 (6) In appropriate cases, award permanent custody to the department of pensions and security . . . with termination of parental rights. . . ."
(Emphasis added.)
It appears that, whenever the juvenile court's jurisdiction is predicated upon a dependent child or one in need of supervision, termination of parental rights is one of the viable alternatives. The appellate jurisdiction would be invoked by § 12-15-30 (a)(1). Its corresponding provision in rule 28 is found in rule 28 (C)(2)(a) and (b). Notice of appeal under those sections must be filed within fourteen days after entry of judgment. A.R.Juv.P., Rule 28 (C)(3).
Set out most simply, cases involving termination of parental rights arise out of the juvenile court's jurisdiction over children. Ala. Code § 12-15-30 (1975). In cases arising out of the juvenile court's jurisdiction over a child, appeals are taken to the Court of Civil Appeals (unless the proceedings involve a child alleged to be delinquent or in proceedings involving an order transferring a child to adult court for criminal prosecution). A.R.Juv.P., Rule 28 (C). In such cases, the time for filing notice of appeal is fourteen days. A.R.Juv.P., Rule 28 (C)(3). In the instant case, *Page 258 
the notice of appeal was filed fifteen days after entry of judgment.
Based on the above reasons, this court has no alternative but to find the notice of appeal was untimely filed and the appeal is due to be dismissed.
This result has been reached by this court's reasoned analysis of the impact of the rule changes on the statutory scheme of juvenile procedure. We note that these changes are not abundantly clear. There is some confusion as to the procedure involved in appealing certain cases from juvenile court adjudication. We hope that the appropriate bodies will become cognizant of this problem.
APPEAL DISMISSED.
All the Judges concur.