Following a transfer from juvenile court, the defendant, a fourteen-year-old boy, was indicted for the murder of George Edward Alsobrook, Jr., by shooting him with a shotgun. A jury convicted him of manslaughter and the trial judge sentenced him to ten years' imprisonment. Three issues are raised on appeal.
 I
Defendant claims that the indictment against him was void because it was returned after he had perfected his appeal of the transfer order and before the appellate court ruled. He maintains that during the pendency of the appeal the circuit court had no jurisdiction of his case and, thus, the grand jury had no authority to indict him.
The juvenile court issued an order to transfer the defendant to the adult division of the Calhoun Circuit Court on December 23, 1981. Defendant filed notice of appeal of the transfer order on January 6, 1982. Two days later, the Calhoun County grand jury indicted him. The Alabama Supreme Court affirmed the order of the juvenile court on June 25, 1982. Bragg v. State,416 So.2d 715 (Ala. 1982).
A similar argument was rejected in Carpenter v. State,395 So.2d 110, 112 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 115
(Ala. 1981), wherein this Court observed that "(a)t the time of the indictment, there had been no appeal from the judgment or order transferring the cause, but even if there had been anappeal, it would not have stayed `the order, judgment or decreeappealed from.' Code of Alabama 1975, Section 12-15-120 (d)." (Emphasis added.) Section 12-15-120 (d) provides that an appeal from a judgment or order of a juvenile court "shall not stay the order, judgment or decree appealed from. . . ."
The defendant seeks to distinguish Carpenter by arguing that, although Section 12-15-120 (d) keeps the orders of the juvenile court alive during the pendency of an appeal, that statute governs only de novo appeals to circuit court. In contrast, the juvenile court from whose order he appealed was a circuit court and his appeal went directly to the Alabama Supreme Court. See 1977 Ala. Acts 1386, No. 804 (May 23, 1977) (providing for a circuit court to exercise jurisdiction over juveniles in Calhoun County); A.R.Juv.P. 28 (effective Jan. 16, 1977) ("providing uniformity of appeals from juvenile courts whether a district or circuit judge sits as the juvenile judge."), *Page 758 
amended by A.R.Juv.P. 28 (C)(1) (effective Mar. 1, 1982) (providing that appeals from juvenile transfer orders shall be to the court of criminal appeals).
While Juvenile Procedure Rule 28 undoubtedly modified Section12-15-120 insofar as the statute directed the route of appeals from juvenile court, the rule did not, at least on its face, alter the subsection (d) provision that "(t)he appeal shall not stay the order, judgment or decree appealed from. . . ." Rule 28 is simply silent on the subject of whether an appeal stays the juvenile court order. Because the commentary to the rule speaks of "reconciling" rather than of "superseding" former statutes, A.R.Juv.P. 28 (effective Jan. 16, 1977) (Comment), presumably those provisions of Section 12-15-120 not specifically altered by Rule 28 remained intact, including subsection (d). See D. Sands, Sutherland Statutes and StatutoryConstruction, Sections 22.32, 67.10 (4th ed. 1974).
If subsection (d) survived the adoption of Rule 28, then the grand jury was not prevented from indicting the defendant after the transfer order but before the case was decided on appeal. It is clear that the appeal of a juvenile transfer order does not deprive the adult criminal court of jurisdiction to receive an indictment under a statute providing that the appeal shall not suspend the order of the juvenile court. See Carpenter v.State, supra. Accord, Strange v. State, 616 S.W.2d 951
(Tex.Civ.App. 1981). See generally Unif.Juv. Court Act, Section 59, 9A U.L.A. 85-86 (1979).
We note, however, that the recent decision by the Alabama Court of Civil Appeals in Wright v. Montgomery County Dep't ofPensions Security, 423 So.2d 256 (Ala.Civ.App. 1982), casts some doubt on the efficacy of Section 12-15-120 after the adoption of Juvenile Procedure Rule 28. Although the Wright
court was construing the 1982 amendment to the rule, and not the 1977 version at issue here, when it observed that "rule 28supersedes Ala. Code Section 12-15-120", 423 So.2d at 257 (emphasis added), both versions purport to change only the route of juvenile appeals and neither speaks to whether the subsection (d) non-stay provisions continue in effect. Thus, because the vitality of Section 12-15-120 (d) is somewhat doubtful, we do not rest our decision on statutory grounds alone. We conclude that, even if subsection (d) was completely inoperative when defendant appealed his transfer order, the circuit court still was not ousted of its jurisdiction to receive the indictment against the defendant by virtue of the principles enunciated in Stewart v. State, 287 Md. 524,413 A.2d 1337 (1980), a case indistinguishable from the one before us.
Like the defendant here, Stewart also insisted that the indictment was void because the circuit court lost jurisdiction during the pendency of his appeal. The Maryland court upheld the indictment, pointing out that the term "jurisdiction" embraces two concepts: the power of a court to act ("fundamental jurisdiction") and the "propriety of granting the relief sought." 413 A.2d at 1338. While an appeal does not divest a court of its fundamental jurisdiction, or its power to act, it may make judicial action inappropriate until the completion of appellate proceedings. If fundamental jurisdiction was lost, it would be unnecessary to require stays since the court could not act in any event.
 "(P)ending an appeal the trial court retains its `fundamental jurisdiction' over the cause, but its right to exercise (this judicial) power may be interrupted by (i) statute or . . . Rule, (ii) the posting of an authorized appeal bond, or bail following a conviction and sentence, or (iii) a stay granted by an appellate court, or the trial court itself, in those cases where a permitted appeal is taken from an interlocutory or final judgment. . . . If the trial court does, however, decide to proceed during the pendency of the appeal, it, absent a stay required by law, or one obtained from an appellate court, has authority to exercise the fundamental jurisdiction which it possesses."
Stewart, 413 A.2d at 1339 (quoting Pulley v. State,287 Md. 406, 412 A.2d 1244, 1250 *Page 759 
(1980) (appeal of interlocutory order denying Double Jeopardy claim)).
In Pulley, the same Maryland court explained that the public policy underlying its holding was to prevent the innumerable delays resulting from halting every criminal proceeding in which an interlocutory appeal was taken. In the case before us, the trial judge suggested an additional reason for not denying the power of the grand jury to indict the defendant: the possibility that the delay could precipitate a speedy trial problem.
In our judgment, therefore, the circuit court retained its jurisdiction over the subject matter of defendant's case pending the outcome of his appeal and the indictment was valid.
 II
The defendant contends that the trial court's instruction regarding lesser included offenses impermissibly shifted to him the burden of proving his innocence. He complains of the following charge:
 "Now, if on the other hand, after you have considered all of the evidence in the case, all of the reasonable and proper inferences to be drawn therefrom, and the law as the Court has stated it to you, if from that then you are satisfied beyond a reasonable doubt that the Defendant is not guilty of the felony offense of murder as charged in the indictment, but you then are satisfied beyond a reasonable doubt that the Defendant is guilty of the lesser included felony of manslaughter, then this would be the form of your verdict: `We, the Jury, find the Defendant, Cully Max Bragg, guilty of manslaughter, in violation of Section 13A-6-3 of the Code of Alabama.'
 "Now, if on the other hand, Ladies and Gentlemen, in your deliberations, after having considered first the felony charge of murder, and then the felony offense of manslaughter, and if you are at that point satisfied beyond a reasonable doubt that the Defendant is not guilty of either of those offenses, but you then are satisfied beyond a reasonable doubt, considering fully and completely all of the evidence and testimony in the case, and the reasonable and proper inferences to be drawn therefrom, and the law as stated to you, if at that point then, you are reasonably satisfied beyond a reasonable doubt that the Defendant is guilty of the misdemeanor of criminally negligent homicide, this would be your verdict form: `We, the Jury, find the Defendant, Cully Max Bragg, guilty of criminally negligent homicide, in violation of Section 13A-6-4 of the Code of Alabama.'" (Emphasis added.)
This charge is erroneous and should not have been given. When a greater and a lesser included offense are charged, the proper course is for the trial judge to instruct the jury to consider first the greater offense and then consider the lesser offense only if a reasonable doubt exists concerning the accused'sguilt of the greater offense. Fuller v. United States,407 F.2d 1199, 1227 (D.C. Cir. 1967), cert. denied, 393 U.S. 1120,89 S.Ct. 999, 22 L.Ed.2d 125 (1969) (emphasis added).
The erroneous instruction provides no ground for reversal here, however, since a review of the court's entire charge indicates that the objectionable portion was cured by the instructions considered as a whole. See Gosa v. State, 273 Ala. 346, 139 So.2d 321 (1961); Harris v. State, 412 So.2d 1278
(Ala.Cr.App. 1982). Excluding the two isolated clauses which were misleading, the balance of the charge fully explained the presumption of innocence, the State's burden of proof, and the elements of the included offenses.
When the charge is viewed in toto, we find no reversible error and we do not believe the jury was misled about its duty to consider a lesser offense only in the event it had a reasonable doubt of the defendant's guilt of the greater crime.
 III
The defendant argues that his ten-year sentence for manslaughter, enhanced pursuant to Section 13A-5-6 (a)(5), Code of Alabama *Page 760 
1975 (providing for increased punishment for a felony involving the use of a firearm or deadly weapon), is unconstitutional. He maintains that it violates the due process and equal protection clauses, subjects him to double jeopardy, and constitutes cruel and unusual punishment.
We have answered his first two constitutional challenges inSmith v. State, 447 So.2d 1327 (Ala.Cr.App.), cert. denied, (Ms. 82-998, Nov. 4, 1983) and Baker v. State (Ms. 4 Div. 199, Nov. 29, 1983), 441 So.2d 1061 (Ala.Cr.App. 1983). In addition, his double jeopardy argument, though not raised below, is also addressed by Smith v. State, supra, and authorities cited therein. Finally, it has been uniformly held that similar firearm-use statutes do not impose cruel and unusual punishment. See, e.g., State v. Williams, 115 Ariz. 288,564 P.2d 1255 (Ariz.App. 1977); State v. Nelson, 224 Kan. 95,577 P.2d 1178 (1978).
The judgment and sentence of the circuit court are affirmed.
AFFIRMED.
All Judges concur.