Defendant was arrested on October 16, 1983, and charged with burglary I, robbery I, and assault II. Two days later, four juvenile delinquency petitions were filed against him by the alleged victims. The district attorney of Lee County, Alabama, filed a motion to transfer proceedings from the juvenile court to the circuit court, and, after a hearing, the motion was granted. Defendant appealed from the transfer order, and the Court of Criminal Appeals affirmed the transfer on April 10, 1984, and subsequently overruled defendant's application for rehearing. In each instance, the Court of Criminal Appeals chose not to write an opinion.
We granted certiorari in this case to determine whether the Court of Criminal Appeals erred in affirming the transfer of defendant from juvenile court to circuit court. We find that it did, and reverse its decision and remand the cause for another transfer hearing.
The procedural requirements for juvenile hearings are prescribed by Rule 24 of the Alabama Rules of Juvenile Procedure. These requirements were promulgated with the protection of the juvenile's due process rights in mind.
The first sentence of Rule 24 states that the hearing shall commence with the court's verifying that all necessary parties are present and ready to proceed. This verification is to be spread upon the record. There is, however, no evidence on the record showing that this was done. Next, the court (as per Rule 24) is required to explain several items to the parties:
1. The child's rights during the proceedings.
2. The substance of the petition.
 3. The specific allegations contained in the petition.
4. The nature of the proceedings.
 5. The alternatives available to the court should the allegations contained in the petition be admitted or proven. *Page 82 
Nothing in the record even suggests that this procedure was followed by the court. Furthermore, not only did the court fail to comply with Rule 24 and Code 1975, § 12-15-65, but it misinformed the defendant at the outset by stating: "This is a certification hearing and all we need to [show to] establish probable cause for a transfer is that the Juvenile Court is not capable [of doing] anything for them."
In addition to the juvenile court's non-observance of Rule 24, it failed to adhere to the specific requirements of Code 1975, § 12-15-34 (d). This section imposes a duty on the juvenile judge to consider evidence of six specific factors in its determination of whether to grant a transfer motion. These factors are:
(1) The nature of the present alleged offense;
 (2) The extent and nature of the child's prior delinquency record;
 (3) The nature of past treatment efforts and the nature of the child's response to such efforts;
(4) Demeanor;
 (5) The extent and nature of the child's physical and mental maturity; and
 (6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
Code 1975, § 12-15-34 (d).
Pursuant to § 12-15-34 (f), the transfer order must contain proof that each of these factors was considered by the court when rendering its decision. McKinney v. State, 404 So.2d 639
(Ala. 1981); Young v. State, 387 So.2d 825 (Ala. 1980). The court, in its transfer order, states:
 The Court having carefully considered the evidence in these cases, including the aforesaid State's Exhibit I, and it is the opinion of the Court and the Court so finds, that it is in the best interest of the public that the Motion of the District Attorney be granted. The Court further finds that there are no reasonable grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill. The Court further finds that there is probable cause for believing that the allegations of the Petitions in these cases are true and correct and that the child should be transferred for criminal prosecution for the following reasons: Seriousness of the offenses, extent and nature of the child's prior delinquency record, results of past treatment of the child and the child's response thereto, demeanor, the extent and nature of the child's physical and mental maturity and the interest of the community.
In Brown v. State, 353 So.2d 1384 (Ala. 1977), this Court held that a transfer order can be valid even if it merely restates the factors as they appear in the statute. However, the court below did not comply with this requirement. The last of the six factors mandates that the court consider the interests of the community as well as the interests of the child. Nowhere in the court's order does it state that the interests of the child were considered. Absent a statement of such a consideration, the transfer is invalid.
The procedures regarding the transfer of a juvenile's case to circuit court were not followed; therefore, the decision of the Court of Criminal Appeals is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur. *Page 83