ON RETURN TO REMAND
COBB, Judge.
The petitioner in this case, Tywane Tuck, appeals from the trial court’s denial of his Rule 32, Ala.R.Crim.P., petition for relief from his conviction for attempted murder and his sentence to 50 years’ imprisonment. The petitioner contends that the Circuit Court of Lee County was without jurisdiction to hear his criminal trial. He also contends that his counsel was ineffective, both at trial and on appeal, for fading to bring the issue of the circuit court’s lack of jurisdiction to its attention at trial or to this court’s attention on appeal. The trial court held that the claims in petitioner’s Rule 32 petition lacked merit.
The petitioner was transferred from juvenile court to circuit court to be tried as an adult. He appealed that transfer order to this court, and, on April 15,1993, we remanded the case to circuit court for a trial de novo on the transfer issue. However, the record reveals that the petitioner was indicted for attempted murder in this case on April 13, 1993, two days before this court issued its judgment remanding the petitioner’s case. This court’s remand order was never acted upon. (C.Supp. 14.) Although the pending appeal had been properly noted on the case action summary sheet in this matter, the State indicted and tried the petitioner without regard for the outcome of his appeal of the transfer order. Upon receipt of our remand order, the circuit court took no action. (C.Supp. 16.) Further, the petitioner’s counsel never raised a claim that the remand order was due to be obeyed. The criminal trial ensued, and the petitioner was ultimately convicted of attempted murder and was sentenced to 50 years’ imprisonment. Neither at trial nor on appeal did petitioner’s counsel raise the issue of the circuit court’s lack of jurisdiction.
In response to the petitioner’s Rule 32 petition, this court remanded the matter to the circuit court for a full evidentiary hearing. The trial court discovered, at that hearing and through reviewing the case files, that the petitioner had appealed to this court from his transfer hearing and that we had remanded for trial de novo. The record reveals that we remanded this matter pursuant to Rule 28(B). Ala.R.Juv.P., and § 12-15-120(a), Ala.Code 1975, because the juvenile court was unable to transcribe the record of that transfer hearing. Rule 28(A)(1), Ala. R.Juv.P., authorizes an appeal directly from juvenile court to the appropriate appellate court, providing:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto.”
Without an adequate record, this court could not determine whether the petitioner’s claims *490 were meritorious or whether the juvenile court committed error.
The circuit court did have the authority, under § 12-15-120(d), Ala.Code 1975, to indict the petitioner once the juvenile court entered its transfer order, but once this court remanded the matter for a trial de novo on the issue of transfer, further judicial action on that indictment became inappropriate. See, Bragg v. State, 453 So.2d 756 (Ala.Crim.App.1984): The circuit court lost its jurisdiction upon our remand of the appeal. Because our remand order stayed any further proceeding in circuit court on this matter, the circuit court had no jurisdiction to proceed from the indictment to trial of the petitioner. See, D.L.S. v. State, 659 So.2d 1012 (Ala.Crim.App.1995); D.M.J. v. State, 589 So.2d 802 (Ala.Crim.App.1991); Bragg, supra. However, once this court issued its order of remand, the circuit court gained jurisdiction over the trial de novo. Because the circuit court lacked jurisdiction to proceed to trial on this case when it did, we must grant the petitioner’s Rule 32 petition.'
We remand this matter to the circuit court for a trial de novo, pursuant to Rule 28(B), Ala.R.Juv.P., to determine whether the petitioner should be transferred to circuit court as an adult. If the circuit court determines that the petitioner should be transferred for trial as an adult, then any further proceedings in the circuit court shall be stayed until such time as either this court has acted upon the petitioner’s appeal or the time for appeal of that transfer order has expired.
REVERSED AND REMANDED.
All the Judges concur.