LONG, Presiding Judge.
Tywayne Tuck petitions for a writ of mandamus, directing Robert M. Harper, Circuit Judge for the thirty-seventh judicial circuit, to place Tuck’s case on the trial docket. Tuck, a juvenile, was arrested in 1993 and was charged with attempted murder. His case was transferred to the Circuit Court for Lee County for trial as an adult. He appealed to this Court from the transfer order. Because a transcript of the transfer hearing *293 was not available, this Court, on April 15, 1993, without opinion, transferred the appeal to the circuit court for a trial de novo on the transfer issue. 635 So.2d 925 (Ala.Cr.App.1993) (table). Two days before this Court transferred the case, however, Tuck was indicted for attempted murder. Without acting on this Court’s order, the trial court tried Tuck in circuit court on the attempted murder charge, convicted him of attempted murder, and sentenced him to 20 year's in the state penitentiary. This Court affirmed Tuck’s conviction without opinion on January 13, 1995. 668 So.2d 949 (Ala.Cr.App.1995) (table).
In May 1995, Tuck collaterally attacked his conviction by filing á petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P. This petition was dismissed, Tuck appealed, and on November 9, 1995, this Court remanded the case to the circuit court so that that court could conduct an evidentiary hearing to determine the merits of Tuck’s claim that the trial court was without jurisdiction to hear his case. 686 So.2d 487 (Ala.Cr.App.1995). On return to remand, this Court, on March 8, 1996, held that the trial court had no jurisdiction to proceed with Tuck’s trial because the trial court had lost its jurisdiction once this Court ordered a trial de novo on the transfer issue. We remanded the case for the trial court to determine whether Tuck should be transferred to circuit court to stand trial as an adult. 686 So.2d 488 (Ala.Cr.App.1996). A transfer hearing was held in March 1997 and the trial court entered an order transferring Tuck’s case. This transfer order was not appealed.
A status conference was held in July 1997. The State maintained that no further action was necessary because Tuck had already been convicted of attempted murder and, it argued, that conviction was not void. Judge Harper agreed and refused to place the case on his trial docket; this petition for a writ of mandamus followed.
Initially, we must determine if a petition for a writ of mandamus is the appropriate vehicle by which to review this issue. Because Tuck has no means of directly appealing Judge Harper’s determination, mandamus is his only remedy.
Tuck contends that this Court’s opinion of March 8, 1996, effectively held that he was entitled to a new trial after the second transfer hearing. The State contends that the petitioner’s 1993 conviction remains valid because, it says, this Court’s remand for a second transfer hearing amounted to a “nunc pro tunc” order. Chief Justice Torbert, in a specially concurring opinion in Continental Oil Co. v. Williams, 370 So.2d 953, 955 (Ala.1979), noted that the object of a “nunc pro tunc” order is “placing in proper form on the record, the judgment that had been previously rendered.” (quoting, Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 273, 28 So. 640, 641 (1900)). The State further contends that any error that may have occurred was invited because, it argues, Tuck, had sufficient opportunity to raise this issue but failed to do so.
Here, Tuck was tried and convicted in the circuit court after his initial transfer to the circuit court had been vacated by this Court’s April 15, 1993, action. As this Court stated in Tuck v. State, 686 So.2d at 490:
“[0]nce this court remanded the matter for a trial de novo on the issue of transfer, further judicial action on that indictment became inappropriate. See, Bragg v. State, 453 So.2d 756 (Ala.Cr.App.1984). The circuit court lost its jurisdiction upon our remand of the appeal. Because our remand order stayed any further proceeding in circuit court on this matter, the circuit court had no jurisdiction to proceed from the indictment to trial of the petitioner. See, D.L.S. v. State, 659 So.2d 1012 (Ala.Cr.App.1995); D.M.J. v. State, 589 So.2d 802 (Ala.Cr.App.1991); Bragg, supra. ... Because the circuit court lacked jurisdiction to proceed to trial on this case when it did, we must grant the petitioner’s Rule 32 petition.”
The trial court had no jurisdiction to try Tuck without acting on this Court’s order mandating a new transfer hearing. Because the circuit court was without jurisdiction, its finding that Tuck was guilty of attempted murder is void. McKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App.1989).
*294 Furthermore, the lack of subject matter jurisdiction is an issue that is reviewable at any time, whether or not it has been preserved by way of objection. J.N.J. v. State, 690 So.2d 519 (Ala.Cr.App.1996).
Tuck’s case should be set for trial. This petition is due to be granted.
PETITION GRANTED.
All the judges concur.