LONG, Presiding Judge.
The appellant, B.M.E., appeals from an order of the Morgan County Juvenile Court transferring him to the circuit court for prosecution as an adult on charges of receiving stolen property, a violation of § 13A-8-17(a), Ala.Code 1975, unlawful possession of cocaine, a violation of § 13A-12-212(a)(l), Ala.Code 1975, and unlawful possession of marijuana for personal use, a violation of § 13A-12-214(a), Ala.Code 1975. He raises three issues on appeal; however, because of our disposition of this case, we address only his first issue.
The appellant contends that the trial court erred by “failing to indicate in its [transfer] order that the interests of the community were considered in the decision to transfer [his] cases to the circuit court for consideration as an adult.” (Appellant’s brief at p. 7.)[1] Section 12 — 15—34(d), Ala.Code 1975, requires that the juvenile court, in determining whether to transfer a juvenile to circuit court, consider the following factors: (1) the nature of the alleged offense, (2) the extent and nature of the prior delinquency record of the child, (3) the nature of past treatment efforts and the child’s response to those efforts, (4) the child’s demeanor, (5) the extent and nature of the physical and mental maturity of the child, and (6) the interests of the community and of the child requiring that the child be placed under legal restraint or discipline. Not only must these factors be considered, but the juvenile court’s order must reflect that they were considered. Ex parte S.B., 650 So.2d 953, 955 (Ala.1994). Here, the juvenile court’s order states, in pertinent part:
“In making the determination that the motion of the State should be granted, the Court has considered among other relative [sic] factors, the following:
“a. the nature of the present alleged offense(s).
“b. the extent and nature of the child’s prior delinquency record.
“c. the nature of the past treatment efforts.
*462 “d. the nature of the youth’s response to such treatment efforts.
“e. the demeanor of the youth.
“f. the extent and nature of the youth’s physical and mental maturity.
“g. the interest of the youth with reference to discipline or legal restraint; and
“h. the report prepared by the Court Probation Office concerning the youth, his/her family, his/her environment and the factors set forth above.”
(C. 34-35.)
Nowhere does the juvenile court’s order state that the court considered the interests of the community in making its determination, as required by § 12-15-34(d)(6), Ala.Code 1975, which clearly mandates that the court consider both the interests of the child and the interests of the community. See, e.g., Ex parte Anonymous, 466 So.2d 81 (Ala.1984) (holding that failure of the juvenile court to state that it had considered the interests of the child as well as the interests of the community was reversible error). Because the juvenile court failed to indicate that it considered the interests of the community in deciding to transfer the appellant for adult prosecution, we find it necessary to remand this case to the Juvenile Court of Morgan County so that that court may amend its order to reflect that it considered all statutory factors set out in § 12—15—34(d), Ala. Code 1975. The juvenile court’s return should be filed with this court within 42 days after the release of this opinion. We pretermit discussion of any remaining issues in the appellant’s brief pending the juvenile court’s return to remand.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Although the appellant did not present this issue in his motion to reconsider the transfer order, it is nonetheless preserved for review because "defects in a transfer order can be raised on appeal although they were not objected to and were not raised by a post-order motion to reconsider.” Ex parte S.B., 650 So.2d 953, 954 (Ala.1994).