843 So.2d 127 (2002)
Ex parte Earl WEBB.
(In re Earl Fitsgerald Webb v. State of Alabama).
1000789.
Supreme Court of Alabama.
June 14, 2002.
*128 Earl Webb, pro se.
William H. Pryor, Jr., atty. gen., and J. Thomas Leverette, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
We granted Earl Webb's petition for a writ of certiorari to determine whether the circuit court had jurisdiction to adjudicate the merits of a criminal charge against Webb while his appeal of an order transferring the case against him from juvenile court to the circuit court was pending in the Court of Criminal Appeals. We reverse and remand with instructions.
On October 19, 1983, Webb, a 14-year-old juvenile, was arrested and charged as a juvenile with first-degree burglary, first-degree robbery, and second-degree assault. Subsequently, the district attorney filed a motion to transfer the case from the juvenile court to the circuit court. After a hearing, the juvenile court granted the motion and transferred Webb's case to the circuit court for him to be tried as an adult. On November 1, 1983, Webb appealed the transfer order to the Court of Criminal Appeals.
On January 11, 1984, while Webb's appeal of the transfer order was pending, Webb was indicted in the circuit court for the first-degree burglary. On February 9, 1984, likewise while Webb's appeal of the transfer order was still pending, the circuit court accepted Webb's guilty plea on the first-degree burglary indictment, convicted him, and sentenced him to 20 years' imprisonment.
Thereafter, the Court of Criminal Appeals affirmed the transfer order, by an unpublished memorandum, and overruled Webb's application for rehearing. Webb v. State, 453 So.2d 11 (Ala.Crim.App.1984) (table). On certiorari review, this Court reversed the affirmance by the Court of Criminal Appeals. The ground of reversal was that the transfer order of the juvenile court was invalid for noncompliance with the requirements of § 12-15-34(d), Ala. Code 1975 (factors the juvenile court must consider to transfer a case to circuit court). Ex parte Anonymous, 466 So.2d 81 (Ala. 1984). This Court remanded Webb's case for a new transfer hearing. Id. The juvenile court apparently ignored the remand order and did not conduct a new transfer hearing.
Pro se, on July 24, 2000, Webb filed a Rule 32, Ala. R.Crim. P., petition challenging his first-degree burglary conviction and sentence. Webb complained that the circuit court lacked jurisdiction to accept his guilty plea and to adjudicate his case because, at the time of those proceedings in the circuit court, Webb's appeal of the order transferring his case from juvenile court to the circuit court was pending before the Court of Criminal Appeals. The trial court summarily dismissed Webb's petition. Webb appealed, and the Court of Criminal Appeals affirmed, in an unpublished memorandum. Webb v. State, 820 So.2d 178 (Ala.Crim.App.2000) (table). The Court of Criminal Appeals subsequently overruled Webb's application for rehearing.
The dispositive issue before us is whether the circuit court retained jurisdiction to adjudicate the merits of the indictment *129 against Webb while his appeal of the juvenile court transfer order was pending before the appellate courts of this state. The State maintains that this issue is nonjurisdictional and is precluded because Webb's Rule 32 petition was filed after the two-year deadline for filing on nonjurisdictional grounds. See Rule 32.2(c), Ala. R.Crim. P.
In affirming the dismissal of Webb's Rule 32 petition, the Court of Criminal Appeals held that the circuit court did have jurisdiction to accept Webb's plea and to adjudicate the case while his appeal of the juvenile court transfer order was pending. For this holding, the Court of Criminal Appeals relied on § 12-15-120(d), Ala. Code 1975, and Bragg v. State, 453 So.2d 756 (Ala.Crim.App.1984) (hereinafter "Bragg II").
In Bragg II, the Court of Criminal Appeals held only that the circuit court had jurisdiction to receive an indictment against a juvenile while the juvenile's appeal of the transfer order was pending before this Court. Bragg had previously appealed an order by the juvenile court transferring his homicide case to circuit court. Bragg v. State, 416 So.2d 715 (Ala. 1982) (hereinafter "Bragg I"). While this first appeal was pending, the grand jury indicted Bragg for manslaughter, and the circuit court merely received the indictment from the grand jury. Thereafter, this Court affirmed the transfer order, Bragg I. Only after this Bragg I affirmance did the circuit court try and convict Bragg on the indictment. Appealing his conviction (Bragg II), Bragg argued that the circuit court had lacked jurisdiction to receive the indictment while his appeal of the transfer order had been pending in Bragg I. The Court of Criminal Appeals affirmed the conviction, and we denied certiorari review. Bragg II.
Our denial of certiorari in Bragg II should not be interpreted as an endorsement of the correctness of the holding and rationale of the Court of Criminal Appeals. Ex parte Terry, 540 So.2d 785 (Ala.1989); Banks v. State, 358 So.2d 480 (Ala.1978); and Hurst v. State, 293 Ala. 548, 307 So.2d 73 (1975). One significant distinction between Bragg II and Webb's case now before us is that in Bragg II, in the appellate review of the transfer order (Bragg I), this Court affirmed the affirmance by the Court of Criminal Appeals of the transfer order, while in Webb's case, in the appellate review of the transfer order, we reversed the affirmance by the Court of Criminal Appeals of the transfer order because it did not comply with § 12-15-34(d), Ex parte Anonymous, supra. A more precisely pertinent distinction is that, during the pendency of an appeal of a transfer order, merely receiving but not adjudicating an indictment (Bragg II) is vastly different from actually adjudicating the indictment (Webb).
Section 12-15-120, Ala.Code 1975, enacted in 1975, governs only appeals from judgments or orders of juvenile court to a circuit court. Subsection (d) of that statute provides:
"The appeal shall not stay the order, judgment or decree appealed from, but the circuit court may otherwise order, on application and hearing consistent with this chapter, if suitable provision is made for the care and custody of the child...."
Neither this subsection nor any other part of § 12-15-120 governs an appeal from a judgment or an order of a juvenile court to an appellate court. A juvenile could not appeal from the juvenile court directly to an appellate court until 1982, when Rule 28, Ala. R. Juv. P., was adopted. At that time, however, Rule 28 did not address whether the jurisdiction of the circuit court was stayed during the pendency of the appeal of the transfer order. The Supreme *130 Court has subsequently amended Rule 28 by adding subsection (F), effective August 1, 2000, to provide that "[t]he filing of an appeal from an order transferring a child to the adult court for criminal prosecution shall stay the proceedings in the circuit court."
Subsection (F) of Rule 28 did not exist when Webb appealed his transfer order on November 1, 1983, and entered his guilty plea in the circuit court on February 9, 1984, while his appeal of the transfer order was still pending before the Court of Criminal Appeals. Nevertheless, the law at that time was that the circuit court did not have jurisdiction to proceed on the merits of the transferred case while the appeal of the transfer order was pending before an appellate court. See Reeves v. State, 419 So.2d 217 (Ala.1982).
"[T]he general rule [is] that jurisdiction of a case can be in only one court at a time." Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089 (Ala.2000). "While a case is pending in an appellate court, the trial court may proceed in matters entirely collateral to that part of the case that has been appealed, but can do nothing in respect to any matter involved on appeal that may be adjudged by the appellate court." Ex parte Elmore, 585 So.2d 921, 922 (Ala.1991) (citing Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984)). See also Reeves v. State, supra.
In Reeves, James Reeves, a juvenile, appealed from an order transferring his case from the juvenile division to the criminal division of Mobile Circuit Court. Reeves, 419 So.2d at 217. After Reeves perfected his appeal, the juvenile division issued a second order amending nunc pro tunc the previous transfer order. Reeves contended that "the trial court no longer had jurisdiction over the original transfer order once Reeves had perfected his appeal to this Court." Id. at 218. Applying the general rule to a juvenile case, the Supreme Court held that "after an appeal is taken, the trial court may proceed only in matters `which are entirely collateral to that part of the case which is taken up (by the appeal) but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.'" Id. at 219 (citing Osborn v. Riley, 331 So.2d 268, 271 (Ala. 1976), and quoting Barran v. Roden, 263 Ala. 305, 82 So.2d 398 (1955)).
Similarly, in Minor v. State, 502 So.2d 778 (Ala.Crim.App.1986), the Court of Criminal Appeals stated:
"In April 1983, a petition alleging delinquency was filed against appellant James Winston Minor, who was at that time 15 years old. The petition charged him with murder and was later amended to charge capital murder. In June 1983, the district attorney moved to transfer. Minor appealed his transfer to this court. We remanded the case with instructions. While the case was on appeal, the juvenile court entered an amended transfer order. We had no choice but to rule that the juvenile court did not have jurisdiction of the case while jurisdiction lay in the appellate court system."
502 So.2d at 778.
The exercise of jurisdiction over Webb's case by the circuit court in its adjudication on the merits was not merely collateral to the issue then on appeal, which was whether the case had been properly transferred to the circuit court so as to invest the circuit court with jurisdiction over the case in the first place. Rather, the circuit court proceedings on the merits presumed the very jurisdiction that Webb was challenging on appeal.
Applying the rationale and legal principles of O.E.G., Elmore, Reeves, and *131 Minor, supra, we hold that the circuit court did not have jurisdiction to adjudicate the merits of the indictment against Webb while his appeal of the transfer order was pending before the appellate courts. Thus, the judgment of the circuit court against Webb for first-degree burglary is a nullity.
Therefore, the Court of Criminal Appeals erred in affirming the dismissal of Webb's Rule 32 petition challenging the jurisdiction of the circuit court. Accordingly, we reverse the judgment of the Court of Criminal Appeals, and we remand this case to that court for it to remand the case to the trial court for it to grant Webb Rule 32 relief by vacating the conviction and sentence.
REVERSED AND REMANDED WITH INSTRUCTIONS.
MOORE, C.J., and HOUSTON, SEE, LYONS, HARWOOD, and WOODALL, JJ., concur.
BROWN and STUART, JJ., dissent.
BROWN, Justice (dissenting).
I would deny certiorari review in this case. After looking at the applicable statute, the rules, and the caselaw relevant to Webb's claim, I believe that the Court of Criminal Appeals decided this issue correctly.
When Webb entered his guilty plea, in 1984, § 12-15-120(d), Ala.Code 1975, provided that an appeal from a judgment of the juvenile court, such as a transfer order, did not stay proceedings on the judgment appealed from. Thus, at first blush, it would appear clear that the circuit court could proceed to try Webb as an adult (or to accept Webb's guilty plea), even though Webb was at the same time appealing a transfer order of the juvenile court. However, as the majority opinion points out, the language of § 12-15-120(d) refers to appeals from orders of the juvenile court to the circuit court for a trial de novo and does not refer to appeals to the Court of Criminal Appeals. However, Rule 28, Ala. R. Juv. P., as adopted in 1982, was in effect when Webb pleaded guilty. That rule provides for appeals from a juvenile court's transfer order directly to the Court of Criminal Appeals.
In Bragg v. State, 453 So.2d 756 (Ala. Crim.App.1984), Judge Bowen wrote an opinion that reconciled § 12-15-120(d) and Rule 28 so that, when read together, the statute and the rule provided that an appeal to the Court of Criminal Appeals from a transfer order of the juvenile court will not necessarily stay proceedings on the matter in the circuit court, i.e., the circuit court has jurisdictional authority to proceed to try the defendant as an adult even though his appeal from the transfer order is pending in the appellate court. As the majority opinion notes, the facts of Bragg concerned the circuit court's proceeding on an indictment, as opposed to a trial or a guilty plea in the circuit court, and Judge Bowen wrote in Bragg that it may still be preferable for the circuit court to delay the criminal proceedings pending the appeal of the transfer order. However, Judge Bowen also made clear that the "fundamental jurisdiction" of the circuit court is not lost pending the appeal of the transfer order; therefore, the circuit court could (i.e., it retains jurisdiction to) proceed on the case.
Judge Bowen wrote in Bragg:
"[T]he circuit court ... was not ousted of its jurisdiction to receive the indictment against the defendant by virtue of the principles enunciated in Stewart v. State, 287 Md. 524, 413 A.2d 1337 (1980), a case indistinguishable from the one before us.
"Like the defendant here, Stewart also insisted that the indictment was *132 void because the circuit court lost jurisdiction during the pendency of his appeal. The Maryland court upheld the indictment, pointing out that the term `jurisdiction' embraces two concepts: the power of a court to act (`fundamental jurisdiction') and the `propriety of granting the relief sought.' [287 Md. at 526,] 413 A.2d at 1338. While an appeal does not divest a court of its fundamental jurisdiction, or its power to act, it may make judicial action inappropriate until the completion of appellate proceedings. If fundamental jurisdiction was lost, it would be unnecessary to require stays since the court could not act in any event.
"`(P)ending an appeal the trial court retains its "fundamental jurisdiction" over the cause, but its right to exercise (this judicial) power may be interrupted by (i) statute or ... Rule, (ii) the posting of an authorized appeal bond, or bail following a conviction and sentence, or (iii) a stay granted by an appellate court, or the trial court itself, in those cases where a permitted appeal is taken from an interlocutory or final judgment.... If the trial court does, however, decide to proceed during the pendency of the appeal, it, absent a stay required by law, or one obtained from an appellate court, has authority to exercise the fundamental jurisdiction which it possesses.'
"Stewart, [287 Md. at 528-29] 413 A.2d at 1339 (quoting Pulley v. State, 287 Md. 406, 412 A.2d 1244, 1250 (1980) (appeal of interlocutory order denying Double Jeopardy claim)).
"In Pulley, the same Maryland court explained that the public policy underlying its holding was to prevent the innumerable delays resulting from halting every criminal proceeding in which an interlocutory appeal was taken. In the case before us, the trial judge suggested an additional reason for not denying the power of the grand jury to indict the defendant: the possibility that the delay could precipitate a speedy trial problem.
"In our judgment, therefore, the circuit court retained its jurisdiction over the subject matter of defendant's case pending the outcome of his appeal and the indictment was valid."
453 So.2d at 758-59 (emphasis added).
I believe that Bragg was correctly decided and that its holding is not limited merely to a circuit court's jurisdiction to receive an indictment.
Rule 28 was amended effective August 1, 2000, to provide that proceedings in the circuit court shall be stayed pending the appeal of a transfer order. See Rule 28(F), Ala. R. Juv. P. However, that rule was not in effect when the transfer order in Webb's case was appealed. There was no statute or rule preventing the circuit court from proceeding on the matter, and there is no indication in this case that the appellate courts required the circuit court to stay its proceedings. While it may well have been preferable for the circuit court to have postponed its proceedings and not to have taken Webb's guilty plea in 1984, the circuit court was not without jurisdiction to do so. Therefore, I would hold that Webb's claim is nonjurisdictional and that the trial court correctly denied his Rule 32 petition.
STUART, J., concurs.