I would deny certiorari review in this case. After looking at the applicable statute, the rules, and the caselaw relevant to Webb's claim, I believe that the Court of Criminal Appeals decided this issue correctly.
When Webb entered his guilty plea, in 1984, § 12-15-120(d), Ala. Code 1975, provided that an appeal from a judgment of the juvenile court, such as a transfer order, did not stay proceedings on the judgment appealed from. Thus, at first blush, it would appear clear that the circuit court could proceed to try Webb as an adult (or to accept Webb's guilty plea), even though Webb was at the same time appealing a transfer order of the juvenile court. However, as the majority opinion points out, the language of § 12-15-120(d) refers to appeals from orders of the juvenile court to the circuit court for a trial de novo and does not refer to appeals to the Court of Criminal Appeals. However, Rule 28, Ala. R. Juv. P., as adopted in 1982, was in effect when Webb pleaded guilty. That rule provides for appeals from a juvenile court's transfer order directly to the Court of Criminal Appeals. In Bragg v. State, 453 So.2d 756 (Ala.Crim.App. 1984), Judge Bowen wrote an opinion that reconciled § 12-15-120(d) and Rule 28 so that, when read together, the statute and the rule provided that an appeal to the Court of Criminal
Appeals from a transfer order of the juvenile court will not
necessarily stay proceedings on the matter in the circuit court, i.e., the circuit court has jurisdictional authority to proceed to try the defendant as an adult even though his appeal from the transfer order is pending in the appellate court. As the majority opinion notes, the facts of Bragg concerned the circuit court's proceeding on an indictment, as opposed to a trial or a guilty plea in the circuit court, and Judge Bowen wrote in Bragg that it may still be preferable for the circuit court to delay the criminal proceedings pending the appeal of the transfer order. However, Judge Bowen also made clear that the "fundamental jurisdiction" of the circuit court is not lost pending the appeal of the transfer order; therefore, the circuit court could (i.e., it retains jurisdiction to) proceed on the case.
Judge Bowen wrote in Bragg:
 "[T]he circuit court . . . was not ousted of its jurisdiction to receive the indictment against the defendant by virtue of the principles enunciated in Stewart v. State, 287 Md. 524, 413 A.2d 1337 (1980), a case indistinguishable from the one before us.
 "Like the defendant here, Stewart also insisted that the indictment was *Page 132 
void because the circuit court lost jurisdiction during the pendency of his appeal. The Maryland court upheld the indictment, pointing out that the term `jurisdiction' embraces two concepts: the power of a court to act (`fundamental jurisdiction') and the `propriety of granting the relief sought.' [287 Md. at 526,] 413 A.2d at 1338. While an appeal does not divest a court of its fundamental jurisdiction, or its power to act, it may make judicial action inappropriate until the completion of appellate proceedings. If fundamental jurisdiction was lost, it would be unnecessary to require stays since the court could not act in any event.
 "`(P)ending an appeal the trial court retains its "fundamental jurisdiction" over the cause, but its right to exercise (this judicial) power may be interrupted by (i) statute or . . . Rule, (ii) the posting of an authorized appeal bond, or bail following a conviction and sentence, or (iii) a stay granted by an appellate court, or the trial court itself, in those cases where a permitted appeal is taken from an interlocutory or final judgment. . . . If the trial court does, however, decide to proceed during the pendency of the appeal, it, absent a stay required by law, or one obtained from an appellate court, has authority to exercise the fundamental jurisdiction which it possesses.'
 "Stewart, [287 Md. at 528-29] 413 A.2d at 1339
(quoting Pulley v. State, 287 Md. 406, 412 A.2d 1244, 1250 (1980) (appeal of interlocutory order denying Double Jeopardy claim)).
 "In Pulley, the same Maryland court explained that the public policy underlying its holding was to prevent the innumerable delays resulting from halting every criminal proceeding in which an interlocutory appeal was taken. In the case before us, the trial judge suggested an additional reason for not denying the power of the grand jury to indict the defendant: the possibility that the delay could precipitate a speedy trial problem.
 "In our judgment, therefore, the circuit court retained its jurisdiction over the subject matter of defendant's case pending the outcome of his appeal and the indictment was valid."
453 So.2d at 758-59 (emphasis added).
I believe that Bragg was correctly decided and that its holding is not limited merely to a circuit court's jurisdiction to receive an indictment.
Rule 28 was amended effective August 1, 2000, to provide that proceedings in the circuit court shall be stayed pending the appeal of a transfer order. See Rule 28(F), Ala. R. Juv. P. However, that rule was not in effect when the transfer order in Webb's case was appealed. There was no statute or rule preventing the circuit court from proceeding on the matter, and there is no indication in this case that the appellate courts required the circuit court to stay its proceedings. While it may well have been preferable for the circuit court to have postponed its proceedings and not to have taken Webb's guilty plea in 1984, the circuit court was not without jurisdiction to do so. Therefore, I would hold that Webb's claim is nonjurisdictional and that the trial court correctly denied his Rule 32 petition.
Stuart, J., concurs. *Page 133