Brent Michael Gallagher, a juvenile, appeals an order issued by the Juvenile Court of Mobile County following a transfer hearing. The question presented for review is whether Gallagher was denied an adjudication hearing as to his guilt or innocence for the crime of murder. We reverse and remand.
On Halloween night 1981 appellant, along with two other juveniles, was involved in the shooting death of Melvin Price. On November 2, 1981, Brent Gallagher was charged with being a delinquent in relation to that incident and on the following day a motion to transfer Gallagher for criminal prosecution as an adult, pursuant to Code of Ala. 1975, § 12-15-34, was filed by the Mobile County prosecutor. On December 8, *Page 1080 
following a hearing on the motion to transfer, a written order was issued by the trial court (1) denying the motion to transfer, (2) finding a true complaint as to the allegations of the petition, and (3) scheduling the matter for a dispositional hearing to be held on December 30, 1981. On December 30 Gallagher's attorney made a timely objection to the court's sentencing his client under the finding of a true complaint on the ground that the December 8, 1981, hearing was on a motion to transfer filed by the state and that at that time no hearing or trial was held on the merits of the petition against his client. Further, as stated in the record, the attorney argued:
 "that at said Motion to Transfer hearing, no testimony was taken inquiring into the habits, surroundings or conditions of Brent Gallagher's life style or home life, in order to enable the Court to determine whether Brent Gallagher is delinquent, and in order for the court to determine what order or judgment would best conserve the welfare of Brent Gallagher. In addition, at the said hearing to transfer no order was entered finding a true complaint on the Petition JU-81-802.01, and that due to the nature of the transfer hearing, Brent Gallagher did not present evidence in his behalf addressing the merits of said petition, Number JU-81-802.01, especially in light of the fact that said motion to transfer was denied. . . ."
(Emphasis added.)
The court at the close of the transfer hearing stated: "As to Case Number JU-81-802.01, involving Brent Michael Gallagher, the Court denies the Motion to Transfer and determines he can be handled as a juvenile; sets the matter down for a dispositional hearing on December 30, 1981, at — give you morning or afternoon, Mr. Haas." Following the transfer hearing, the trial court's written order added "and does find a true complaint as to the allegations of the petition charging the offense of homicide."
The dispositive issue on appeal is whether the trial court erred in finding a true complaint as to the allegations of the petition in the written order issued following the hearing held on the motion to transfer.
The State has not joined issue on this point. Instead, by letter brief, they contend along with Gallagher that there is no justification in the statutes, rules or case law for the short cut taken in dispensing with a hearing or trial on the merits of the petition. The evidence presented at the December 8 hearing was solely to determine whether juvenile court jurisdiction should be retained or whether Gallagher should be transferred. The purpose of a transfer hearing has been stated by this court as being to establish whether there is probable cause for a child to be transferred from juvenile court for criminal prosecution as an adult. It is not a hearing to adjudicate the guilt or innocence of a child. Brown v. State,353 So.2d 1384 (Ala. 1978); Gulledge v. State, 419 So.2d 219
(Ala. 1982).
Rule 25, Alabama Rules of Juvenile Procedure, states in pertinent part:
 "(A) At any hearing other than to transfer to another court, the court may handle all matters at one time or in phases." (Emphasis added.)
Further, Code of Ala. 1975, § 12-15-65, specifies the requirements that must be met in conducting hearings and in the disposition of juvenile cases. The parties must be advised of their rights, informed of the specific allegations in the petition, and given an opportunity to admit or deny such allegations. Following a presentation of competent, material, and relevant evidence the court must find that this evidence proved beyond a reasonable doubt that the child committed the acts alleged in the petition. It is only then that the court can proceed to make proper disposition of the case.
After a review of the record we conclude that the evidence presented at the December 8, 1981, transfer hearing was presented to defend the motion to transfer and to prevent the appellant from being transferred to the circuit court. This is a separate issue from whether or not there is a true complaint as to the allegations of murder in the petition. Appellant was not afforded an opportunity to present evidence *Page 1081 
in his own behalf upon which the trial court could properly determine his guilt or innocence. This case is therefore due to be reversed and remanded for an adjudication hearing to be held on the merits of the petition. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.