Albert Baker, Jr., a juvenile, was charged by petition with the intentional murder of Mattie Pearl Dansby. Prior to the hearing on the State's motion to transfer Baker to the circuit court for criminal prosecution as an adult, the petition was amended to charge two counts of capital murder in addition to the original noncapital charge of intentional murder. At the conclusion of the hearing, the juvenile court judge granted the motion as to the count charging intentional murder, but dismissed the two counts charging capital murder for lack of probable cause. The judge fully complied with Alabama Code § 12-15-34 (f) (1975), setting forth in writing his reasons for granting the motion. The only issue raised on appeal concerns Baker's confession.
Pearl Dansby was murdered during the early morning hours of August 22, 1983. Ms. Dansby was beaten severely about the face and head. The cause of her death was "trauma to the head". Baker was taken into custody within hours of the murder. Pike County Sheriff Harold Anderson and a deputy transported him directly to the office of Ms. Pat Smith, a juvenile probation officer. Ms. Smith read Baker the Miranda warnings and he indicated that he understood them. In response to questioning, Baker then admitted that he had hit Dansby repeatedly with "a stick".
Baker maintains that the entire petition should have been dismissed because he was not properly informed of his rights under Rule 11, A.R.J.P., before he confessed. Specifically, he contends that he was not informed that he had a right to have his parent or guardian present.
Rule 11 (A), A.R.J.P., provides that a child who is taken into custody is to be given the standard Miranda warnings, and, in addition, is to be informed "[i]f his counsel, parent, or guardian is not present, that he has a right to communicatewith them, and that, if necessary, reasonable means will be provided for him to do so." (Emphasis added.) Rule 11 (A) does not require that a juvenile be informed that he has the right to have a parent or guardian present, but only that he has the right to communicate with them. "We know of no absolute requirement which necessitates the presence of a parent or other interested adult in order for a juvenile to make an effective waiver." Whisenant v. State, [Ms. 8 Div. 948, March 20, 1984] (Ala.Cr.App. 1984).
The record discloses that Baker was not informed that he had the right to communicate with his parent or guardian. Yet, the record also discloses that the confession was voluntarily given. Baker has made no assertion to the contrary. InWhisenant, supra, this Court held that a juvenile's voluntary confession is admissible at a transfer hearing even though he was not informed of his right to communicate with his parent or guardian. Baker, however, does not contest the admissibility of the confession and recognizes that otherwise inadmissible confessions may be used at a transfer hearing. His argument is that the failure to apprise him of his Rule 11 (A)(4) right to communicate with his parent warrants *Page 472 
a dismissal of the charges against him because that is the only adequate remedy available to him since the confession is admissible at the transfer hearing.
A transfer hearing is in the nature of a probable cause hearing. Winstead v. State, 371 So.2d 418, 420 (Ala. 1979);Brown v. State, 353 So.2d 1384, 1387 (Ala. 1977). "It is not a hearing to adjudicate the guilt or innocence of a child."Gallagher v. State, 425 So.2d 1079, 1080 (Ala. 1983). A transfer hearing is analogous to a preliminary hearing or examination held to determine whether there is probable cause to bind an adult defendant over to a grand jury. Cf. Alabama Code § 15-11-9 (1975). Under Rule 5.1 (a), Fed.R.Crim.P., "[o]bjections to evidence on the ground that it was acquired by unlawful means are not properly made at the preliminary examination. Motions to suppress must be made to the trial court as provided in Rule 12." This rule reflects the holding of the United States Supreme Court in Giordenello v. UnitedStates, 357 U.S. 480, 484, 78 S.Ct. 1245, 1249, 2 L.Ed.2d 1503
(1958). See Notes of Advisory Committee on Rules, Rule 5.1.
It follows from Giordenello and Rule 5.1 that charges are not to be dismissed because illegally obtained evidence was presented at the preliminary hearing. It would be senseless to hold that such evidence is admissible at the probable cause hearing, then rule that charges must be dismissed because it is admissible. "Since a transfer hearing does not determine the guilt or innocence of the juvenile, latitude is permitted in admitting evidence which would be otherwise inadmissible in a criminal prosecution." Gulledge v. State, 419 So.2d 219, 220
(Ala. 1982).
We need not determine at this time whether the failure to comply with Rule 11 (A)(4) renders a juvenile's confession inadmissible at trial. Indeed, it would be presumptuous of us to do so since this issue has never been presented to the trial court. Even if we assume that the confession was obtained "in violation of the Fifth Amendment, [Baker] would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial." United States v. Blue,384 U.S. 251, 255, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510 (1966) (emphasis added) (In a prosecution for income tax evasion, the remedy for the government's use of illegally obtained evidence prior to trial is suppression at trial and not dismissal of the prosecution). The fact that evidence was illegally obtained simply does not require the dismissal of the charges against a defendant.
 "Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." Blue, 384 U.S. at 255, 86 S.Ct. at 1419.
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.