Albert Baker, Jr. was convicted for the capital offense involving the murder of Mattie Pearl Dansby and sentenced to life imprisonment without parole. That conviction must be reversed on authority of Ex parte Whisenant, 466 So.2d 1006
(Ala. 1985).
On the morning of August 22, 1983, Mrs. Dansby's bludgeoned body was discovered. While investigating the homicide, Pike County Sheriff Harold Anderson was informed that "the Baker boy" was suspected of a previous but recent burglary of Mrs. Dansby's house. Sheriff Anderson went to the defendant's residence. The defendant's mother told the sheriff that the defendant had told her that he was "involved *Page 265 
in that across the road" and that he had hit Mrs. Dansby. The sheriff and a deputy talked to Mrs. Baker about bringing the defendant to "Juvenile Court" and asked her if she wanted to go. Mrs. Baker "said no she wasn't dressed to go, that she might go later." The sheriff asked the defendant "would he go with me up to Juvenile Court and he said yes."
The defendant was taken to the county courthouse. Pat Smith, a juvenile probation officer, read the defendant his Miranda
rights which the defendant agreed to waive. Smith and Sheriff Anderson interrogated the sixteen-year-old defendant and the defendant admitted that he hit Mrs. Dansby several times with "a stick." It is undisputed that the defendants' counsel, parent, or guardian was not present when the defendant was taken into custody and informed of his Miranda rights and that the defendant was never informed that he had a right to communicate with them, and that, if necessary, reasonable means would be provided for him to do so as required by Rule 11 (A)(4), Alabama Rules of Juvenile Procedure. In Ex parteWhisenant, 466 So.2d at 1007, the Alabama Supreme Court held that if this warning is omitted, "the use in evidence of any statement given by the child is constitutionally proscribed." See also Payne and Watts v. State, 487 So.2d 256 (Ala.Cr.App. 1986). Unless the child's parent, guardian, or counsel is present, the child must be warned of his Miranda rights and, inaddition, be informed that he has a right to communicate with his parent, guardian, of counsel. Whisenant, 466 So.2d at 1007;Taylor v. State [Ms. 2 Div. 289, February 12, 1986] (Ala.Cr.App. 1986).
This Court is bound by the decisions of the Alabama Supreme Court, Alabama Code 1975, § 13-3-16. Consequently, we have no choice but to reverse the judgment of the circuit court and remand this cause for further proceedings.
REVERSED AND REMANDED.
All Judges concur.