Ottis Thornton was convicted for the first degree sodomy of a nine-year-old child and sentenced to thirty years' imprisonment. Two issues are raised on this appeal from that conviction.
 I
The trial court properly prevented defense counsel from cross-examining the victim about statements she made to a clinical psychologist for the Department of Human Resourcesin this particular case. Defense counsel was using a report of a psychological evaluation of the victim prepared by a psychologist for prior juvenile court proceedings in an effort to show that the child "is a habitual liar" and to show that the child had made similar allegations against her uncle and her brother. Defense counsel apparently obtained this report from his "law partner." The trial court's ruling was proper for two reasons. First, the contents of the report constituted a privileged communication between the psychologist and her client and were protected from disclosure under Alabama Code 1975, § 34-26-2. Ex parte Day, 378 So.2d 1159 (Ala. 1979). Here, the victim was in the custody of the Montgomery County Department of Human Resources. A representative from that department refused to waive the child's privilege. Second, the report was also entitled to confidentiality under §§ 12-15-100 and 101, Alabama Code 1975, governing the use of social, medical, psychiatric, or psychological records and reports, and law enforcement records and files in juvenile proceedings. See also Rule 19, Alabama Rules of Juvenile Procedure.
In reaching this decision, we recognize that a witness's claim of a privilege may violate a defendant's Sixth Amendment rights of confrontation and cross-examination. Davis v. Alaska,415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); Ex parteLynn, 477 So.2d 1385 (Ala. 1985); E. Cleary, McCormick onEvidence, 178-80 (3rd ed. 1984). In Davis, the Court held that the defendant's constitutional right under the confrontation clause of the Sixth Amendment outweighed the State's interest in protecting the confidentiality of juvenile offender records. However, it has been observed that "a careful reading of Davis
reveals a narrow, fact-bound decision of uncertain relevance to communications privileges. * * * [T]he Court's holding is carefully limited and is not intended to mandate a sweeping constitutional incursion into state evidence law." Note:Defendant v. Witness: Measuring Confrontation and CompulsoryProcess Rights Against Statutory Communications Privileges, 30 Stanford L.Rev. 935, 954, 957 (1978).
Here, we need not determine whether or not the victim's invocation of the psychologist-client privilege denied the appellant his constitutional right of cross-examination. Generally see Annot., 43 A.L.R.4th 396 (1986). This issue was not argued in the trial court and has not been advanced on appeal. Moreover, even had that argument been made and this Court found the constitutionally improper denial of the appellant's opportunity to impeach a witness, an automatic reversal would not follow. Under the circumstances of this case, we find that the error, if any, was harmless.
In Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431,1437-38, 89 L.Ed.2d 674 (1986), the Court decided that "Davis
does not support an automatic reversal rule" and held "that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to Chapman [v. California, 386 U.S. 18,87 S.Ct. 824, 17 L.Ed.2d 705 (1967)] harmless error analysis." *Page 145 
 "The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." Van Arsdall, 475 U.S. at 684, 106 S.Ct. at 1438.
"[T]he focus of the prejudice inquiry in determining whether the confrontation right has been violated must be on the particular witness, not on the outcome of the entire trial."Van Arsdall, 475 U.S. at 680, 106 S.Ct. at 1436.
 "We think that a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.' Davis v. Alaska, 415 U.S., at 318, 94 S.Ct., at 1111. Respondent has met that burden here: A reasonable jury might have received a significantly different impression of [the witness'] credibility had respondent's counsel been permitted to pursue his proposed line of cross-examination." Van Arsdall, 475 U.S. at 680, 106 S.Ct. at 1436.
Here, even "assuming that the damaging potential of the cross-examination were fully realized," any error was harmless beyond a reasonable doubt. A reasonable jury could not have received a significantly different impression of the victim's credibility had defense counsel been permitted to use the psychological report and the testimony of the psychologist to impeach the victim.
Defense counsel did cross-examine the victim about many of her statements contained in the psychological evaluation report. At trial, the victim denied making some of the statements. However, the discrepancies between the child's testimony at trial and her statements to the psychologist are trivial, insignificant, and inconsequential. Whether or not the victim's father was a "half Indian" and the victim's grandmother was a "full Indian" was not exculpatory and was not probative of the material issues at trial. It constituted improper impeachment on an immaterial matter. C. Gamble,McElroy's Alabama Evidence § 156.01(1) (3rd ed. 1977).
Defense counsel cross-examined the victim about the complaint that she had been sexually abused by both her brother and her uncle. Generally, "[c]omplaints by the prosecutrix of other rapes committed by third persons not a part of the res gestae are immaterial and irrelevant." Webb v. State, 455 So.2d 223,224 (Ala.Cr.App. 1984). Because defense counsel was permitted to elicit the victim's testimony of her sexual abuse by her uncle and her brother, we need not concern ourselves with the constitutionality of that rule of evidence. Generally see Annot., 1 A.L.R.4th 283 (1980). Cf. Latzer v. Abrams,602 F. Supp. 1314 (E.D. N.Y. 1985). Furthermore, defense counsel's use of the psychological evaluation report of the psychologist in cross-examining the victim would have "opened the door" for the State to introduce the psychologist's stated impression in the report that the victim was "a sincere and straightforward young lady" and her opinion that the child was "not fabricating all of this information."
The trial judge's ruling did not create" a substantial danger of prejudice by depriving [the appellant] of the ability to test the truth of the witness's direct testimony." UnitedStates v. Brown, 634 F.2d 819, 824-25 (5th Cir. 1981).
The victim's grandmother testified that the victim was "the meanest little thing in *Page 146 
the world. * * * She's so mean. And she lies all the time." She stated that she could not believe anything the victim told her. The appellant's sister testified that the victim "doesn't tell the truth about a lot of things." These witnesses and the appellant himself testified to various lies the victim had told them.
Considering these factors along with those listed in VanArsdall, 475 U.S. at 684, 106 S.Ct. at 1438, we conclude that any denial of the appellant's Sixth Amendment rights of confrontation and cross-examination was harmless beyond a reasonable doubt.
 II
Thornton contends that the assistant district attorney committed "persecutory misconduct" in the cross-examination of defense character witnesses. This issue was never raised in the trial court. An examination of the six specific instances complained of reveals only one objection and that objection was sustained by the trial court. Matters not objected to at the trial level cannot be considered for the first time on appeal.Knight v. State, 273 Ala. 480, 487, 142 So.2d 899 (1962). "Absent an objection to an alleged error and a ruling by the trial court, there is nothing for this Court to review."Showers v. State, 407 So.2d 169, 171 (Ala. 1981). "An adverse ruling is a preliminary requirement to preservation of error and appellate review." Van Antwerp v. State, 358 So.2d 782, 790
(Ala.Cr.App.), cert. denied, Ex parte Van Antwerp,358 So.2d 791 (Ala. 1978).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.