TAYLOR, Judge.
The appellant, William Trony Ellis, Jr., was convicted of attempted murder, a violation of § 13A-6-2, Code of Alabama 1975, *575 and § 13A-4-2, Code of Alabama 1975, and of criminal mischief in the first degree, a violation of § 13A-7-21, Code of Alabama 1975. He was sentenced to concurrent terms of 20 years’ imprisonment for the attempted murder conviction and 90 days’ imprisonment in the county jail for the criminal mischief conviction.
The evidence presented at trial tended to show that on October 9, 1989, the appellant entered Doctor’s Hospital in Mobile and confronted his ex-girlfriend, Renee Evans, an employee of the hospital. After a brief altercation, the appellant stabbed Ms. Evans in the hand, arm, back, and buttock. He then left the hospital, destroying various furnishings and fixtures on his way out of the building.
The appellant claims on appeal that the trial court’s instructions to the jury violated Cage v. Louisiana, 498 U.S. -, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), in that the charge allowed a finding of guilt based upon a standard of proof which is lower than that required by the Fourteenth Amendment. The appellant made no objection at trial to the court’s jury instruction.
The following exchange took place after the trial court had charged the jury:
“THE COURT: Am I overlooking anything for the State?
“[PROSECUTOR]: No, sir.
“THE COURT: Delano, anything else you want me to charge on?
“[DEFENSE COUNSEL]: No, sir.
“THE COURT: [To the jury] In the event you have any questions or don’t understand something I’ve charged on, knock on the door and I will bring you back out and instruct you on that particular aspect of the case. If you will go back in the jury room where my bailiff is here, you may start your deliberations.
“(Jury not present)
“THE COURT: Any exceptions for the State?
“[PROSECUTOR]: No, sir.
“THE COURT: Any for you, Delano?
“[DEFENSE COUNSEL]: No, sir.”
When there is no objection at the trial level, a matter cannot be considered for the first time on appeal. Qualls v. State, 555 So.2d 1158 (Ala.Cr.App.1989); Thornton v. State, 527 So.2d 143, 146 (Ala.Cr.App.), writ quashed, Ex parte Thornton, 527 So.2d 146 (Ala.1988). Simply stated, “[mjatters not objected to are not preserved for review.” Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987). The reason for requiring timely objections is to give the trial court an opportunity to correct any defects or errors called to its attention before the case is submitted to the jury. Ex parte Knight, 453 So.2d 754 (Ala.1984).
The appellant alleges in a footnote to his brief that this issue constitutes plain error and, therefore, may be reviewed by this court under the plain error doctrine. Contrary to the appellant’s understanding of this doctrine, this court will review a case for plain error only when the death penalty has been imposed. Cook v. State, 384 So.2d 1158 (Ala.Cr.App.), cert. denied, 384 So.2d 1161 (Ala.1980); McGinnis v. State, 382 So.2d 605 (Ala.Cr.App.1979), writ denied, 382 So.2d 609 (Ala.1980). See also Rules 45A and 45B, A.R.App.P.
For the reasons stated above, we find that the issue raised by the appellant on appeal was not preserved in the court below and is not reviewable by this court. Therefore, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.