McMILLAN, Judge.
The appellant, Jerome Bass, was convicted of first-degree robbery and was sentenced as an habitual felon to life imprisonment without the possibility of parole.
I.
The appellant first contends that the trial judge committed reversible error by allegedly commenting on the appellant’s guilt while instructing the jury. During his instructions to the jury, the trial judge stated:
“Now, I am going to charge you on robbery in the first degree, and I am going to also charge you on robbery in the third degree. These are really the two verdicts you should consider. I am going to also send back there a verdict form of not guilty. I am going to instruct you now there has been no testimony as to a lack of guilt. I am not sure what I would do if you came back not guilty. Everybody is in agreement that the verdict is going to be either one of robbery in the first degree, or robbery in the third degree.”
According to the appellant, this instruction improperly invaded the province of the jury to determine whether the evidence supported his guilt. Although no objection was made at trial, the appellant asserts on appeal that no objection was necessary to preserve the issue for appeal because, he says, the trial judge committed ineradicable error.[1]
Much of the evidence at trial was undisputed, although there was a dispute over whether the appellant threatened the victim and, if he did, whether he threatened her with knife or keys. The victim, Mary Fiegle, testified at trial that on June 26,1995, she was parked in a Wal-Mart discount store parking lot, pouring power steering fluid into her car, when a man she identified in court as the appellant approached her. The man asked her for directions to Girard High School. After giving him directions, Ms. Fiegle got into her car. The man got into his car, pulled up beside Ms. Fiegle’s car, and demanded her purse. Ms. Fiegle merely continued to sit in her car with the door open. When the man got out of the car and started towards Ms. Fiegle’s car, Ms. Fiegle responded, “No.” According to Ms. Fiegle, the man went back to his car, leaned over, and turned around, holding what Ms. Fiegle thought was a knife. Ms. Fiegle gave him her purse. The man got back into the car, circled Ms. Fiegle’s car a couple of times, and then left. Before going into the Wal-Mart, Ms. Fiegle got the tag number of the car the appellant was driving.
The State also had a Phenix City police officer read into evidence a written statement given by the appellant on July 9, 1997. The written statement was consistent with Ms. Fiegle’s testimony except for the account of what happened after she refused to give him her purse. According to this written statement, at that point the appellant went back to his car and got his keys to pretend that he had gotten “something” that would make her give up her purse.
The appellant also testified at trial. Contrary to his written statement, he testified that he returned to his car after Ms. Fiegle refused to give him her purse because he had put only one dollar of gas in the car. He said that he needed to turn off the engine because “he did not want to be at the scene of the crime with the car off.” When he went back to Ms. Fiegle’s car he had his keys in his hand because he had switched off the ignition, but he said he did not intend to threaten Ms. Fiegle with them. When he turned around and approached Ms. Fiegle again, she gave him her purse.
However, whether the trial judge’s comments to the jury indicating that he believed that the appellant was guilty cannot be reviewed because there was no objection; thus, the trial court was never notified of this *283 error so that it could take preventative or curative action. Cf. Spurlin v. State, 539 So.2d 403, 405 (Ala.Cr.App.1988)(claim that trial court gave improper jury charge that evidence created an irrebuttable presumption of guilt must be preserved). In Ellis v. State, 591 So.2d 574 (Ala.Cr.App.1991), the appellant claimed that the trial court’s jury charge allowed a finding of guilt based on an improper and lower standard of proof but he had failed to object to this matter at trial. This Court held:
“When there is no objection at the trial level, a matter cannot be considered for the first time on appeal. Qualls v. State, 555 So.2d 1158 (Ala.Cr.App.1989); Thornton v. State, 527 So.2d 143, 146 (Ala.Cr.App.), writ quashed, Ex parte Thornton, 527 So.2d 146 (Ala.1988). Simply stated, ‘[mjatters not objected to are not preserved for review.’ Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App.1987). The reason for requiring timely objections is to give the trial court an opportunity to correct any defects or errors called to its attention before the case is submitted to the jury. Ex parte Knight, 453 So.2d 754 (Ala.1984).
“The appellant alleges in a footnote to his brief that this issue constitutes plain error and, therefore, may be reviewed by this court under the plain error doctrine. Contrary to the appellant’s understanding of this doctrine, this court will review a ease for plain error only when the death penalty has been imposed. Cook v. State, 384 So.2d 1158 (Ala.Cr.App.), cert. denied, 384 So.2d 1161 (Ala.1980); McGinnis v. State, 382 So.2d 605 (Ala.Cr.App.1979), writ denied, 382 So.2d 609 (Ala.1980). See also Rules 45A and 45B, A.R.App.P.
“For the reasons stated above, we find that the issue raised by the appellant on appeal was not preserved in the court below and is not reviewable by this court.”
591 So.2d at 575.
In the present case, because there was no objection by the appellant at trial as to this matter, it is precluded from our review.
II.
The appellant also argues that the trial judge erred in refusing his request for an instruction on third-degree robbery, which he made immediately after the state’s casein-chief. As the state recognizes on appeal, the appellant does not complain that the trial judge failed to instruct the jury on third-degree robbery; he did so after the appellant’s testimony. The appellant complains that the trial judge should have agreed to instruct on third-degree robbery immediately after the state’s case-in-chief, which would have relieved the appellant from having to testify.
The evidence during the state’s case-in-chief, however, indicates that the trial judge properly withheld his decision to instruct on third-degree robbery until after the defendant testified. The evidence during the state’s case-in-chief, which included Ms. Fei-gle’s testimony and the appellant’s written statement, supported only a charge on first-degree robbery.
Not until the appellant testified, when he denied possessing a deadly weapon or representing to Ms. Fiegle that he had one, was there any evidence that he had committed third-degree robbery rather than first-degree robbery. Therefore, the trial judge properly waited until that testimony to instruct the jury on third-degree robbery.
AFFIRMED.
All judges concur.

. The cases the appellant cites that deal with "ineradicable error" all involve situations where the trial court assumed the role of prosecutor and propounded improper and highly prejudicial questions to witnesses.