Jerome Bass appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1997 conviction for first-degree robbery. We affirmed Bass's conviction on direct appeal. Bass v. State, 719 So.2d 281 (Ala.Crim.App. 1998). Bass petitioned the Alabama Supreme Court for certiorari review. The petition was denied, and this court issued a certificate of judgment on July 17, 1998.
On May 3, 2000, Bass filed a Rule 32 petition, challenging his robbery conviction. He alleged (1) that the United States Constitution and the Alabama Constitution required that he be granted a new trial because the trial judge had directly commented on his guilt during the jury instructions; (2) that he was denied the effective assistance of trial counsel; and (3) that the trial court was without jurisdiction to render the judgment or to impose the sentence because the evidence did not establish each of the requisite elements of first-degree robbery. The State filed an answer to the petition, and the circuit court issued an order denying the petition. That order stated, in pertinent part:
 "[P]ursuant to Rule 32.2(a)(2-5) defendant is barred from raising the issues that are the basis for [the] ineffective assistance of counsel claim and lack of jurisdiction claim as these issues were either raised or addressed at trial or could have been but were not raised or addressed on appeal. After considering defendant's petition, response of the state, and a review of the record, the Court finds that the petition should be denied."
This appeal followed.
Bass argues that the circuit court improperly found that each of his claims was precluded pursuant to Rule 32.2(a)(2) through (5), Ala.R.Crim.P. Our review of the record reveals that the trial court's determination that Bass's claim number 1 above (that he was entitled to a new trial because the trial judge directly commented on his guilt during the court's charge was precluded) was correct. Because this claim was raised on direct appeal, Bass is precluded from reasserting this claim in a Rule 32 petition. See Rule 32.2(a)(4), Ala.R.Crim.P.
Bass next argues that the circuit court erred in rejecting his claim that the trial court was without jurisdiction to render the judgment or to impose the sentence because, he says, the evidence did not establish each element of first-degree robbery, namely, did not establish that he was armed with a deadly weapon. Bass argues that because this was a jurisdictional claim, the preclusion grounds set out in Rule 32.2(a) do not apply. Although Bass couches this claim in jurisdictional terms, it is, in fact, a nonjurisdictional challenge to the sufficiency of the evidence and, therefore, it is precluded by Rule 32.2(a)(3) and 32.2(a)(5). See Shoulders v. State, 703 So.2d 1015, 1018 (Ala.Crim.App. 1997).
Bass also argues that the circuit court improperly found that his ineffective-assistance-of-trial counsel claim was precluded pursuant to Rule 32.2(a)(5), Ala.R.Crim.P. At the time of Bass's conviction, Ex parteIngram, 675 So.2d 863 (Ala. 1996), had been released. Ingram overruled Exparte Jackson, 598 So.2d 895 (Ala. 1992), to the extent that Jackson had allowed a defendant, under certain circumstances, to extend the 30-day time limit for filing a motion for a new trial. Under Ingram, the proper method for presenting an ineffective-assistance-of-trial-counsel claim that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition. We have reviewed our records of Bass's direct appeal of his conviction, see Hull v. State, 607 So.2d 369, 371
(Ala.Crim.App. 1992), and determined that Bass *Page 804 
was sentenced on September 16, 1997. Appellate counsel filed a docketing statement with this Court on September 29, 1997, wherein counsel stated that because he did not represent Bass at trial, he was unfamiliar with the facts of the case or with potential issues for appellate review. On October 15, 1997, the circuit clerk certified the record as complete. Because the record was not completed until 29 days after Bass was sentenced, Bass could not have reasonably presented his ineffective-assistance-of-trial-counsel claim in a motion for a new trial. Therefore, contrary to the circuit court's finding, those claims are not precluded by Rule 32.2(a)(5), Ala.R.Crim.P. Accordingly, Bass properly raised them in his Rule 32 petition.
Based on the foregoing, we conclude that, although some of Bass's claims are precluded from review, his claim of ineffective assistance of trial counsel is not. Accordingly, we must remand this cause to the circuit court for that court to enter a new order addressing the merits of Bass's claim that his trial counsel rendered ineffective assistance. Should the trial court deem it necessary to hold an evidentiary hearing addressing Bass's claim,[1] the circuit court's return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the circuit court to "make specific findings of fact relating to each material issue of fact presented." See also Ex parte Walker,652 So.2d 198 (Ala. 1994); Smith v. State, 665 So.2d 954 (Ala.Crim.App. 1994). In making these factual determinations, the circuit court may take judicial notice of the record in Bass's 1997 robbery trial. If the court's findings are based on its personal knowledge of Bass's trial, then the order should so state. See Sheats v. State, 556 So.2d 1094, 1095
(Ala.Crim.App. 1989). As we have stated, "[a] statement of the basis of the [circuit] court's decision is essential to afford the appellant due process." Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App. 1994).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur.
* Note from the reporter of decisions: On August 17, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] The court may take evidence as provided in Rule 32.9(a), Ala.R.Crim.P. *Page 805