We granted Earl Webb's petition for a writ of certiorari to determine whether the circuit court had jurisdiction to adjudicate the merits of a criminal charge against Webb while his appeal of an order transferring the case against him from juvenile court to the circuit court was pending in the Court of Criminal Appeals. We reverse and remand with instructions.
On October 19, 1983, Webb, a 14-year-old juvenile, was arrested and charged as a juvenile with first-degree burglary, first-degree robbery, and second-degree assault. Subsequently, the district attorney filed a motion to transfer the case from the juvenile court to the circuit court. After a hearing, the juvenile court granted the motion and transferred Webb's case to the circuit court for him to be tried as an adult. On November 1, 1983, Webb appealed the transfer order to the Court of Criminal Appeals.
On January 11, 1984, while Webb's appeal of the transfer order was pending, Webb was indicted in the circuit court for the first-degree burglary. On February 9, 1984, likewise while Webb's appeal of the transfer order was still pending, the circuit court accepted Webb's guilty plea on the first-degree burglary indictment, convicted him, and sentenced him to 20 years' imprisonment.
Thereafter, the Court of Criminal Appeals affirmed the transfer order, by an unpublished memorandum, and overruled Webb's application for rehearing. Webb v. State, 453 So.2d 11 (Ala.Crim.App. 1984) (table). On certiorari review, this Court reversed the affirmance by the Court of Criminal Appeals. The ground of reversal was that the transfer order of the juvenile court was invalid for noncompliance with the requirements of § 12-15-34(d), Ala. Code 1975 (factors the juvenile court must consider to transfer a case to circuit court). Ex parte Anonymous,466 So.2d 81 (Ala. 1984). This Court remanded Webb's case for a new transfer hearing. Id. The juvenile court apparently ignored the remand order and did not conduct a new transfer hearing.
Pro se, on July 24, 2000, Webb filed a Rule 32, Ala.R.Crim.P., petition challenging his first-degree burglary conviction and sentence. Webb complained that the circuit court lacked jurisdiction to accept his guilty plea and to adjudicate his case because, at the time of those proceedings in the circuit court, Webb's appeal of the order transferring his case from juvenile court to the circuit court was pending before the Court of Criminal Appeals. The trial court summarily dismissed Webb's petition. Webb appealed, and the Court of Criminal Appeals affirmed, in an unpublished memorandum. Webb v. State, (No. CR-99-2390, December 1, 2000)820 So.2d 178 (Ala.Crim.App. 2000) (table). The Court of Criminal Appeals subsequently overruled Webb's application for rehearing.
The dispositive issue before us is whether the circuit court retained jurisdiction to adjudicate the merits of the indictment *Page 129 
against Webb while his appeal of the juvenile court transfer order was pending before the appellate courts of this state. The State maintains that this issue is nonjurisdictional and is precluded because Webb's Rule 32 petition was filed after the two-year deadline for filing on nonjurisdictional grounds. See Rule 32.2(c), Ala.R.Crim.P.
In affirming the dismissal of Webb's Rule 32 petition, the Court of Criminal Appeals held that the circuit court did have jurisdiction to accept Webb's plea and to adjudicate the case while his appeal of the juvenile court transfer order was pending. For this holding, the Court of Criminal Appeals relied on § 12-15-120(d), Ala. Code 1975, and Braggv. State, 453 So.2d 756 (Ala.Crim.App. 1984) (hereinafter "Bragg II").
In Bragg II, the Court of Criminal Appeals held only that the circuit court had jurisdiction to receive an indictment against a juvenile while the juvenile's appeal of the transfer order was pending before this Court. Bragg had previously appealed an order by the juvenile court transferring his homicide case to circuit court. Bragg v. State,416 So.2d 715 (Ala. 1982) (hereinafter "Bragg I"). While this first appeal was pending, the grand jury indicted Bragg for manslaughter, and the circuit court merely received the indictment from the grand jury. Thereafter, this Court affirmed the transfer order, Bragg I. Only after this Bragg affirmance did the circuit court try and convict Bragg on the indictment. Appealing his conviction (Bragg II), Bragg argued that the circuit court had lacked jurisdiction to receive the indictment while his appeal of the transfer order had been pending in Bragg I. The Court of Criminal Appeals affirmed the conviction, and we denied certiorari review. Bragg II.
Our denial of certiorari in Bragg II should not be interpreted as an endorsement of the correctness of the holding and rationale of the Court of Criminal Appeals. Ex parte Terry, 540 So.2d 785 (Ala. 1989); Banks v.State, 358 So.2d 480 (Ala. 1978); and Hurst v. State, 293 Ala. 548,307 So.2d 73 (1975). One significant distinction between Bragg II and Webb's case now before us is that in Bragg II, in the appellate review of the transfer order (Bragg I), this Court affirmed the affirmance by the Court of Criminal Appeals of the transfer order, while in Webb's case, in the appellate review of the transfer order, we reversed the affirmance by the Court of Criminal Appeals of the transfer order because it did not comply with § 12-15-34(d), Ex parte Anonymous, supra. A more precisely pertinent distinction is that, during the pendency of an appeal of a transfer order, merely receiving but not adjudicating an indictment (Bragg II) is vastly different from actually adjudicating the indictment (Webb).
Section 12-15-120, Ala. Code 1975, enacted in 1975, governs only appeals from judgments or orders of juvenile court to a circuit court. Subsection (d) of that statute provides:
 "The appeal shall not stay the order, judgment or decree appealed from, but the circuit court may otherwise order, on application and hearing consistent with this chapter, if suitable provision is made for the care and custody of the child. . . ."
Neither this subsection nor any other part of § 12-15-120 governs an appeal from a judgment or an order of a juvenile court to an appellatecourt. A juvenile could not appeal from the juvenile court directly to an appellate court until 1982, when Rule 28, Ala. R. Juv. P., was adopted. At that time, however, Rule 28 did not address whether the jurisdiction of the circuit court was stayed during the pendency of the appeal of the transfer order. The Supreme *Page 130 
Court has subsequently amended Rule 28 by adding subsection (F), effective August 1, 2000, to provide that "[t]he filing of an appeal from an order transferring a child to the adult court for criminal prosecution shall stay the proceedings in the circuit court."
Subsection (F) of Rule 28 did not exist when Webb appealed his transfer order on November 1, 1983, and entered his guilty plea in the circuit court on February 9, 1984, while his appeal of the transfer order was still pending before the Court of Criminal Appeals. Nevertheless, the law at that time was that the circuit court did not have jurisdiction to proceed on the merits of the transferred case while the appeal of the transfer order was pending before an appellate court. See Reeves v.State, 419 So.2d 217 (Ala. 1982).
"[T]he general rule [is] that jurisdiction of a case can be in only one court at a time." Ex parte State ex rel. O.E.G., 770 So.2d 1087, 1089
(Ala. 2000). "While a case is pending in an appellate court, the trial court may proceed in matters entirely collateral to that part of the case that has been appealed, but can do nothing in respect to any matter involved on appeal that may be adjudged by the appellate court." Ex parteElmore, 585 So.2d 921, 922 (Ala. 1991) (citing Foster v. Greer Sons,Inc., 446 So.2d 605 (Ala. 1984)). See also Reeves v. State, supra.
In Reeves, James Reeves, a juvenile, appealed from an order transferring his case from the juvenile division to the criminal division of Mobile Circuit Court. Reeves, 419 So.2d at 217. After Reeves perfected his appeal, the juvenile division issued a second order amending nunc protunc the previous transfer order. Reeves contended that "the trial court no longer had jurisdiction over the original transfer order once Reeves had perfected his appeal to this Court." Id. at 218. Applying the general rule to a juvenile case, the Supreme Court held that "after an appeal is taken, the trial court may proceed only in matters `which are entirely collateral to that part of the case which is taken up (by the appeal) but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court.'" Id. at 219 (citing Osborn v. Riley, 331 So.2d 268, 271 (Ala. 1976) and quotingBarran v. Roden, 263 Ala. 305, 82 So.2d 398 (1955)).
Similarly, in Minor v. State, 502 So.2d 778 (Ala.Crim.App. 1986), the Court of Criminal Appeals stated:
 "In April 1983, a petition alleging delinquency was filed against appellant James Winston Minor, who was at that time 15 years old. The petition charged him with murder and was later amended to charge capital murder. In June 1983, the district attorney moved to transfer. Minor appealed his transfer to this court. We remanded the case with instructions. While the case was on appeal, the juvenile court entered an amended transfer order. We had no choice but to rule that the juvenile court did not have jurisdiction of the case while jurisdiction lay in the appellate court system."
502 So.2d at 778.
The exercise of jurisdiction over Webb's case by the circuit court in its adjudication on the merits was not merely collateral to the issue then on appeal, which was whether the case had been properly transferred to the circuit court so as to invest the circuit court with jurisdiction over the case in the first place. Rather, the circuit court proceedings on the merits presumed the very jurisdiction that Webb was challenging on appeal.
Applying the rationale and legal principles of O.E.G., Elmore, Reeves, and *Page 131 Minor, supra, we hold that the circuit court did not have jurisdiction to adjudicate the merits of the indictment against Webb while his appeal of the transfer order was pending before the appellate courts. Thus, the judgment of the circuit court against Webb for first-degree burglary is a nullity.
Therefore, the Court of Criminal Appeals erred in affirming the dismissal of Webb's Rule 32 petition challenging the jurisdiction of the circuit court. Accordingly, we reverse the judgment of the Court of Criminal Appeals, and we remand this case to that court for it to remand the case to the trial court for it to grant Webb Rule 32 relief by vacating the conviction and sentence.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Moore, C.J., and Houston, See, Lyons, Harwood, and Woodall, JJ., concur.
Brown and Stuart, JJ., dissent.