McMILLAN, Presiding Judge.
Albert Baker, Jr., appeals from the summary denial of his Rule 32, Ala.R.Crim.P., petition. Baker contends: (1) that the circuit court lacked jurisdiction to receive his indictment because the indictment was returned by a Pike County grand jury while his appeal from the juvenile court was pending before this court; (2) that the indictment was void because it set forth inconsistent counts and resulted from prosecutorial misconduct; and (3) that his conviction and sentence for capital murder cannot stand because, he contends, there was no evidence that he burglarized or attempted to burglarize the home of the victim. The trial court, in its order summarily denying Baker’s Rule 32 petition, stated:
“In 1983, the Juvenile Court of Pike County, Alabama, ordered 17 year old Baker transferred to the Circuit Court for criminal prosecution as an adult. Baker v. State, 450 So.2d 470 (Ala.Cr.App.1984). In 1985, Baker was convicted of capital murder and was sentenced to life imprisonment without the possibility of parole. That conviction was reversed because of the State’s use of an illegally obtained confession. Baker v. State, 487 So.2d 26[4] (Ala.Cr.App.1986). Baker was retried and again convicted of capital murder and sentenced to life imprisonment without the possibility of parole. That conviction was affirmed on direct appeal. Baker v. State, 555 So.2d 273 (Ala.Cr.App.1989).
“Baker’s first Rule 32 Petition was denied after hearing. At said hearing on the merits of the petition, Baker was present and represented by counsel. The denial of Baker’s relief was affirmed on appeal. Baker v. State, 668 So.2d 926 (Ala.Cr.App.1994).
“Baker’s second petition for post-conviction relief was summarily denied as time barred on May 2, 1996. The denial of Baker’s second petition was affirmed by memorandum on appeal. Baker v. State, [689] So.2d [1020] (Ala.Cr.App.1996) [(table)].
“Baker file[d] the instant (third) petition for post-conviction relief on January 21, 2004. Further, Petitioner requests appointment of counsel pursuant to Rule 32.7(c) Ala.R.Cr.P. The court finds that Baker’s petition is precluded and/or barred by the provisions of Rule 32(b) and 32(c) Ala.R.Cr.P. In light of the court’s finding, the court denies Petitioner’s request for appointed counsel.
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition of Albert Baker, Jr. for post-conviction relief is denied/dismissed.”
(C. 24-25.)
Since this is an appeal from a successive petition, the petition is due to be denied “unless (1) the petitioner is entitled to relief on the ground that the court was *467 without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.” Rule 32.2(b), Ala. R.Crim. P. Baker has not satisfied the “good cause” requirement; thus, to prevail he must establish that the trial court lacked jurisdiction.
Baker’s second and third claims set forth in his petition are not jurisdictional issues and are thus barred. Baker’s claim that he could not have been properly convicted for capital murder because there was no evidence that a burglary had been committed is nothing more than a challenge to the sufficiency of the evidence. A challenge to the sufficiency of the evidence is not jurisdictional. See, e.g., Bass v. State, 810 So.2d 802, 803 (Ala.Crim.App.2001); Shoulders v. State, 703 So.2d 1015, 1018 (Ala.Crim.App.1997). Moreover, Baker’s claims that the capital-murder and intentional-murder counts in the indictment are inconsistent and that the indictment was the result of prosecutorial misconduct are meritless. Count I of the indictment charges murder made capital because it was committed during a burglary, § 13A-5-40(a)(4), Ala.Code 1975, while Count II charges intentional murder without any reference to the commission of a collateral felony, § 13A-6-2, Ala.Code 1975. There is absolutely no evidence in the record or otherwise that the indictment was the result of prosecutorial misconduct.
Baker’s first claim (that the trial court lacked jurisdiction to receive the indictment), however, is a bit more problematic, and, on its face, appears to present a jurisdictional issue. The murder for which Baker was convicted and sentenced occurred on August 22, 1983. A delinquency petition was filed against Baker in the juvenile court, charging Baker with intentional murder. The petition was subsequently amended to charge Baker with two counts of capital murder. The State filed a motion to transfer the proceedings to the circuit court so Baker could be tried as an adult. A hearing was held on the delinquency petition, and the trial court granted the State’s motion to transfer the intentional-murder count to the circuit court, but denied the motion as it related to the two counts of capital murder “for lack of probable cause.” See Baker v. State, 450 So.2d 470, 471 (Ala.Crim.App.1984) (“Baker I'').
This Court released its opinion in Baker I on May 8, 1984. On January 25, 1984, while this case was pending on appeal in this Court, a Pike County grand jury returned a two-count indictment against Baker, charging him with murder made capital because it was committed during a burglary, § 13A-5-40(a)(4), Ala.Code 1975, and intentional murder, § 13A-6-2, Ala. Code 1975.
Baker did not challenge in Baker I the juvenile court’s order transferring his case to the circuit court. Rather, Baker argued that the juvenile court should have dismissed the delinquency petition because, he alleged, his confession was obtained in violation of Rule 11, Ala. R. Juv. P., namely, that Baker, a juvenile, was not allowed to speak with his parents. Baker I, 450 So.2d at 471-72. We did not, in Baker I, determine whether the confession was illegally obtained, but held that even if it was, the delinquency petition was not due to be dismissed.[1] We noted that a *468 transfer hearing is analogous to a preliminary hearing and that the purpose of the hearing is to determine whether there is probable cause to transfer the juvenile offender to another court to be tried as an adult. Id. at 472.
After we affirmed the juvenile court’s refusal to dismiss the delinquency petition, the case proceeded in the Circuit Court of Pike County, and Baker was tried and convicted for capital murder as charged in the indictment. Baker appealed, and we reversed his conviction, finding that his confession was illegally obtained. Baker v. State, 487 So.2d 264, 264-65 (Ala.Crim.App.1986) (“Baker II”).
Baker was then tried a second time and was convicted of capital murder. It appears that the case was retried on the same indictment. Baker appealed his second conviction and sentence of life imprisonment without parole, raising several issues. We affirmed Baker’s conviction and sentence. Baker v. State, 555 So.2d 273, 274 (Ala.Crim.App.1989) (''Baker III”).
Baker never challenged the jurisdiction of the grand jury to indict him and never challenged the jurisdiction of the trial court to receive the indictment against him in his appeals in Baker I, Baker II, or Baker III. Baker also failed to raise this issue in either of his first Rule 32 petitions.[2]
Baker cites Ex parte Webb, 843 So.2d 127 (Ala.2002), for the proposition that the circuit court lacked jurisdiction to proceed while an appeal from the juvenile court was pending in this case. Baker’s reliance upon Webb is misplaced. In Webb, the Alabama Supreme Court held that a circuit court lacked the jurisdiction to accept a defendant’s guilty plea while the appeal from the transfer order of the juvenile court was underway. In so holding, the Alabama Supreme Court wrote:
“A juvenile could not appeal from the juvenile court directly to an appellate court until 1982, when Rule 28, Ala. R. Juv. P., was adopted. At that time, however, Rule 28 did not address whether the jurisdiction of the circuit court was stayed during the pendency of the appeal of the transfer order. The Supreme Court has subsequently amended Rule 28 by adding subsection (F), effective August 1, 2000, to provide that ‘[t]he filing of an appeal from an order transferring a child to the adult court for criminal prosecution shall stay the proceedings in the circuit court.’
“Subsection (F) of Rule 28 did not exist when Webb appealed his transfer order on November 1, 1983, and entered his guilty plea in the circuit court on February 9,1984, while his appeal of the transfer order was still pending before the Court of Criminal Appeals. Nevertheless, the law at that time was that the circuit court did not have jurisdiction to proceed on the merits of the transferred case while the appeal of the transfer order was pending before an appellate court. See Reeves v. State, 419 So.2d 217 (Ala.1982).”
Webb, 843 So.2d at 129-30. The Supreme Court in Webb also cited this Court’s prior decision in Bragg v. State, 453 So.2d 756 (Ala.Crim.App.1984). The Supreme Court *469 summarized our decision in Bragg, stating “the circuit court had jurisdiction to receive an indictment against a juvenile while the juvenile’s appeal of the transfer order was pending before [the appellate court].” Webb, 843 So.2d at 129. In Webb, 843 So.2d at 129, the Supreme Court wrote:
“One significant distinction between Bragg II [Bragg v. State, 453 So.2d 756 (Ala.Crim.App.1984)] and Webb’s case now before us is that in Bragg II, in the appellate review of the transfer order (Bragg I [416 So.2d 715 (Ala.1982)]), this Court affirmed the affirmance by the Court of Criminal Appeals of the transfer order, while in Webb’s case, in the appellate review of the transfer order, we reversed the affirmance by the Court of Criminal Appeals of the transfer order because it did not comply with § 12-15 — 34(d), Ex parte Anonymous, [466 So.2d 81 (Ala.1984)]. A more precisely pertinent distinction is that, during the pendency of an appeal of a transfer order, merely receiving but not adjudicating an indictment (Bragg IT) is vastly different from actually adjudicating the indictment (Webb).”
Cf. Tuck v. State, 686 So.2d 487, 488 (Ala.Crim.App.1996) (holding that Rule 32 petition should have been granted where defendant was convicted in circuit court on indictment entered while case was on appeal from transfer order, because circuit court lacked jurisdiction where we remanded the case to the juvenile court for further proceedings).
Rule 32.3, Ala. R.Crim. P., states that “The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.6(b), Ala. R.Crim. P., states:
“The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.”
The Alabama Supreme Court has stated:
“An evidentiary hearing on a [Rule 32] petition is required only if the petition is ‘meritorious on its face.’ Ex parte Boatwright, 471 So.2d 1257 (Ala.1985). A petition is ‘meritorious on its face’ only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true. Ex parte Boatwright, supra; Ex parte Clisby, 501 So.2d 483 (Ala.1986).”
Moore v. State, 502 So.2d 819, 820 (Ala.1986). Baker failed to meet the specificity requirements of Rule 32.6(b), Ala. R.Crim. P., and the pleading requirements of Rule 32.3, Ala. R.Crim. P.; thus, the circuit court properly denied his claims without an evidentiary hearing. See Long v. State, 675 So.2d 532, 533 (Ala.Crim.App.1996)(where the judgment of the circuit court denying a petition for postconviction relief is correct for any reason, it will be affirmed by this Court).
For the foregoing reasons, the trial court’s summary denial of Baker’s Rule 32 petition is due to be affirmed. See Rule 32.7(d), Ala. R.Crim. P.
AFFIRMED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. We held in Baker I, based upon Giordenello v. United States, 357 U.S. 480, 484, 78 S.Ct. *468 1245, 1249, 2 L.Ed.2d 1503 (1958), that challenges to the legality of a statement are not to be made at a preliminary hearing, but are to be made by a motion to suppress filed in the trial court after the trial court determines that there is probable cause to proceed on the charges.

. Baker does not argue that the indictment returned against him was void because the juvenile court had previously determined that there was no probable cause to proceed on the two counts of capital murder, as initially charged in the delinquency petition.