BURKE, Judge.
Myron Dontrell Clancy was convicted of murder, a violation of § 13A-6-2, Ala.Code 1975, and was sentenced to 40 years’ imprisonment. This appeal follows.
The relevant facts for the purposes of this appeal are procedural in nature. Clancy’s murder charge originated in the Juvenile Court of Tuscaloosa County because he was 15 years old at the time of the charged conduct. On March 11, 2008, the State filed a motion in the juvenile court asking it to transfer Clancy’s case to the circuit court where Clancy could be prosecuted as an adult pursuant to § 12-15-34, Ala.Code 1975. (C. 13.) Two days later, Clancy’s mother filed a petition pursuant to § 12-15-90, Ala.Code 1975, seeking to have Clancy involuntarily committed to a mental-health facility on the basis that he was mentally ill and consequently posed “a real and present threat of substantial harm to himself or to others.”[1] (C. 95.) On March 14, 2008, the juvenile court held a hearing on both the motion to transfer and the petition for involuntary commitment. The juvenile court granted the State’s motion to transfer Clancy’s case to the circuit court and dismissed the petition to have him involuntarily committed. (C. 16.) Clancy filed a separate appeal from each of the rulings.
Clancy’s appeal from the dismissal of the petition for involuntary commitment was filed in this Court; however, it was transferred by consent of the parties to the Alabama Court of Civil Appeals on September 29, 2008. The case was subsequently sent back to this Court where, on July 30, 2009, it was transferred by order of the Alabama Supreme Court to the Alabama Supreme Court pursuant to § 12-3-14, Ala.Code 1975.[2] (C. 96.)
*1120 Clancy also appealed the transfer order to this Court. On October 8, 2008, this Court issued an order staying that appeal pending the disposition of the appeal of the involuntary commitment by the Alabama Court of Civil Appeals. (C. 59.) However, on September 25, 2009, this Court affirmed the juvenile court’s transfer order. See Clancy v. State (CR-07-1161, September 25, 2009), 57 So.3d 200 (Ala.Crim.App.2009) (table). We note that as of the date this case was argued, the Alabama Supreme Court had yet to issue a decision on the appeal of the dismissal of Clancy’s petition for involuntary commitment.*
Clancy makes two arguments on appeal. First, he contends that the appeal of the dismissal of his petition for involuntary commitment constitutes an appeal of the transfer order. Therefore, he argues, the fact that the involuntary-commitment appeal was pending prevented the circuit court from obtaining jurisdiction over him. Second, Clancy points out that this Court issued an order staying all proceedings regarding the transfer order pending the disposition of the involuntary-commitment appeal. He contends that this Court’s af-firmance of the transfer order is void because it was issued in violation of the stay.
I.
It is undisputed that a circuit court does not have jurisdiction to adjudicate the merits of a case while an appeal of a transfer order from a juvenile court is pending in an appellate court. Ex parte Webb, 843 So.2d 127, 130-31 (Ala.2002) (holding that “the circuit court did not have jurisdiction to adjudicate the merits of the indictment against Webb while his appeal of the transfer order was pending before the appellate courts”); see also Rule 28(F), Ala. R. Juv. P. (“The filing of an appeal from an order transferring a child to the adult court for criminal prosecution shall stay the proceedings in the circuit court.”). However, the appeal of Clancy’s transfer order became final on October 14, 2009, when this Court issued a certificate of judgment. Therefore, no appeal was pending when Clancy’s trial began on January 24, 2011.
Although Clancy does not dispute that the appeal of the transfer order was final, he contends that the involuntary-commitment appeal is, in effect, an appeal of the transfer order. (Clancy’s brief, at 8.) Clancy points out that § 12-15-34(b), Ala. Code 1975, states that a child can be transferred from juvenile court to circuit court only if the court finds that “there are no reasonable grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill” According to Clancy, if the Alabama Supreme Court were to reverse the juvenile court’s ruling on his petition for involuntary commitment it would mean that reasonable grounds do exist as to whether he is “committable to an institution or agency for the mentally retarded or mentally ill.” Thus, according to Clancy, the juvenile court would have necessarily erred by transferring him to the circuit court.
As noted, the Alabama Supreme Court has yet to issue a ruling on Clancy’s involuntary-commitment appeal. While the disposition of that case may have an effect on whether the circuit court had jurisdiction to try Clancy for murder, we are not called on to determine that issue in this particular instance.
Clancy’s argument on appeal hinges on his contention that the involuntary-commitment appeal is also an appeal of the transfer order. He asserts that, since both the transfer proceeding and the involuntary-commitment proceeding concern the same issues regarding his mental health, a successful appellate challenge to *1121 the ruling on the involuntary-commitment petition would invalidate the transfer order. Therefore, according to Clancy, an appeal of the ruling on the involuntary-commitment petition is equivalent to an appeal of the transfer order, and, based on the reasoning of Ex parte Webb, supra, the circuit court did not have jurisdiction to try and convict him.
We agree with Clancy’s assertion that a determination of whether a child is committable is a prerequisite to. a valid transfer order and we also agree that an appeal of a transfer order stays the proceedings and prevents a circuit court from obtaining jurisdiction over the child. However, Clancy has failed to cite any authority supporting his contention that an appeal of a ruling on an involuntary-commitment petition is equivalent to an appeal of a transfer order that would consequently preclude the circuit court from obtaining jurisdiction of a transferred case.
“Rule 28(a)(10), Ala. R.App. P., requires that an argument contain ‘the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on.’ ‘Recitation of allegations without citation to any legal authority and -without adequate recitation of the facts relied upon has been deemed a waiver of the arguments listed.’ Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘Authority supporting only “general propositions of law” does not constitute a sufficient argument for reversal.’ Beachcroft Props., LLP v. City of Alabaster, 901 So.2d 703, 708 (Ala.2004), quoting Geisenhoff v. Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App.1997).”
Egbuonu v. State, 993 So.2d 35, 38-39 (Ala.Crim.App.2007).
Additionally, we note that the motion to transfer and the involuntary-commitment petition are separate and distinct proceedings. Although both proceedings require a juvenile court to determine whether a child is committable to an institution for the mentally ill, a transfer hearing arises out of a delinquency proceeding, which is criminal in nature, while an involuntary-commitment hearing is a civil matter that is not necessarily tied to a delinquency proceeding. They are also codified in separate articles of the Alabama Juvenile Justice Act: at all relevant times, transfer hearings were included in Article 2 entitled “Delinquency and Children in Need of Supervision,” while involuntary-commitment proceedings were included in Article 4 entitled “Involuntary Commitment of Minors or Children.” See §§ 12-15-34 and 12-15-90, Ala.Code 1975 (see note 1 supra). This distinction is further reinforced by Rule 28(A)(2), Ala. R. Juv. P., which states that appeals from a final order of a juvenile court in matters other than “proceedings in which a child is adjudicated delinquent, proceedings to revoke probation or aftercare in delinquency cases, and proceedings in which a motion seeking an order to transfer a child to the adult court for criminal prosecution is either granted or denied” are to be filed in the Court of Civil Appeals. Accordingly, we cannot say that an appeal of a ruling on an involuntary-commitment petition constitutes an appeal of a transfer order.
Moreover, the Alabama Supreme Court has held:
“The general rule is that a court may not interfere with the enforcement of criminal laws through a civil action; instead, the party aggrieved by such enforcement shall make his case in the prosecution of the criminal action:
“ ‘It is a plain proposition of law that equity will not exert its powers merely *1122 to enjoin criminal or quasi criminal prosecutions, “though the consequences to the complainant of allowing the prosecutions to proceed may be ever so grievous and irreparable.” Brown v. Birmingham, 140 Ala. [590,] 600, 37 South. [173,] 174 [(1904)]. “His remedy at law is plain, adequate, and complete by way of establishing and having his innocence adjudged in the criminal court.” Id.’
“Board of Comm’rs of Mobile v. Orr, 181 Ala. 308, 318, 61 So. 920, 923 (1913). See also 22A Am.Jur.2d Declaratory Judgments § 57 (2003)(‘A declaratory judgment will generally not be granted where its only effect would be to decide matters which properly should be decided in a criminal action.’).”
Tyson v. Macon County Greyhound Park, Inc., 43 So.3d 587, 589 (Ala.2010). In the present case, the issue of Clancy’s mental health and his potential need for commitment was addressed by the juvenile court at the transfer hearing, and that court’s decision was subsequently affirmed by this Court on appeal. Clancy could have pursued the issue further by petitioning the Alabama Supreme Court for a writ of cer-tiorari, but he failed to do so. The record clearly demonstrates that, at the time of Clancy’s trial in the circuit court, the appeal of his transfer hearing was final. Accordingly, under Ex parte Webb, 843 So.2d 127 (Ala.2002), as well as Rule 28(F), Ala. R. Juv. P., the circuit court had jurisdiction to try and convict Clancy of murder.
II.
Clancy also argues that this Court’s decision in Clancy v. State (CR-07-1161, September 25, 2009), 57 So.3d 200 (Ala.Crim.App.2009) (table), affirming the juvenile court’s transfer order, is void because, he argues, it violated the stay issued on October 8, 2008. However, by affirming the transfer order on September 25, 2009, this Court implicitly lifted the stay it had issued on October 8, 2008. Therefore, the decision affirming the transfer order was and continues to be valid. Accordingly, the circuit court had jurisdiction to try and convict Clancy.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
WINDOM, P.J., and JOINER, J., concur. WELCH and KELLUM, JJ., concur in the result.

. The Alabama Juvenile Justice Act, § 12 — 15— 1 et seq., Ala.Code 1975, including §§ 12-15-34 and 12-15-90, was amended and the Code sections renumbered effective January 1, 2009. Because the instant offense occurred on March 8, 2008, we will refer to the statutes in effect prior to the amendments. See Minnifield. v. State, 941 So.2d 1000, 1001 (Ala.Crim.App.2005) ("It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.”).

. The record is unclear as to when or why the case was transferred back to this Court from the Court of Civil Appeals. However, the order from the Alabama Supreme Court stated that the case was to be transferred "from the Court of Criminal Appeals to the Supreme Court of Alabama for consideration.” (C. 96.)

 Note from the reporter of decisions: On August 15, 2012, the Alabama Supreme Court transferred the appeal of the dismissal of the petition for involuntary commitment to the Alabama Court of Civil Appeals. That court, on September 21, 2012, dismissed the appeal. 106 So.3d 893 (Ala.Civ.App.2012).